**James E. BROWN**

*v.*

**The UNITED STATES.**

No. 246–82C.

United States Claims Court.

Sept. 20, 1983.

As Amended Sept. 22, 1983.

**410**

Janet Cooper, Washington, D.C., for plaintiff.

Randall B. Weill, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

1. Rules of the United States Claims Court.

2. In the court's opinion of July 14, 1983, re-
garding the parties' cross-motions for summary
judgment on the ten counts in the petition,
defendant's motion was granted with respect to
Counts I through V and VII through X. Sum-

## OPINION

REGINALD W. GIBSON, Judge:

Pursuant to RUSCC 54(b)[1] and 28 U.S.C. § 1292(d)(2), plaintiff, James E. Brown, motions for an order reducing this court's opinion[2] of July 14, 1983 to final judgment, and certifying same to the United States Court of Appeals for the Federal Circuit (US-CAFC) for an interlocutory appeal on the grounds that said opinion involves controlling questions of law with respect to which there are substantial grounds for difference of opinion and that an immediate appeal may materially advance the termination of the litigation. For the reasons delineated hereinafter, plaintiff's motion, in its entirety, is denied.

To obtain the relief plaintiff seeks in this court, the interlocutory order of July 14, 1983, must either be converted/modified to meet the requirements of RUSCC 54(b) or it must be certified pursuant to the standards set forth in 28 U.S.C. § 1292(d)(2). We shall first determine plaintiff's entitlement under § 1292(d)(2). The statutory requirements for certification under § 1292(d)(2) are as follows:

> When any judge of the United States Claims Court, in issuing an interlocutory order, includes in the order a statement that a *controlling question of law is involved* with respect to which there is a substantial ground for difference of opinion *and* that an *immediate appeal from that order may materially advance the ultimate termination of the litigation,* the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from said order, if application is made to that court within ten days after the entry of such order. (Emphasis added.)

This statute came into effect with the creation of the United States Claims Court

mary judgment was denied to both parties with respect to Count VI inasmuch as there are genuine issues of material fact requiring a trial on the merits. *Brown v. United States,* 3 Cl.Ct. 31 (1983).

under section 125(b) of the Federal Courts Improvement Act of 1982, 96 Stat. 36–37, as an adjunct to this court's assumption of final jurisdiction over cases. Its operative language was made identical to the statutory standard of certification that has been utilized by the United States District Courts, 28 U.S.C. § 1292(b). Section 1292(b) was enacted in 1958, following a study and proposal by the Judicial Conference of the United States. The purpose of that legislation was explained to the Senate Judiciary Committee by the drafting committee of the Judicial Conference in the following manner:

> [W]e * * * have reached the conclusion that provision should be made for the allowance of appeals from the interlocutory orders in those *exceptional cases* where it is desirable that this be done to avoid unnecessary delay and expense and that the danger of opening the door to groundless appeals and piecemeal litigation can be avoided by proper limitations to be included in the amendatory statute. * * *
>
> Your Committee is of the view that *the appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation,* as in antitrust and similar protracted cases, *where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided,* * * *. It is *not* thought that district judges would grant the certificate in *ordinary litigation* which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate. (Emphasis added.)

Report of the Committee on Appeals from Interlocutory Orders of the District Courts, September 23, 1953, *reprinted in* 1958 U.S. Code Cong. & Ad.News, 85th Cong., 2d Sess., at 5260–61.

Accordingly, the federal courts have limited the usage of interlocutory appeals under § 1292(b) to "exceptional cases," with the key consideration being whether the order in question "truly implicates the policies favoring interlocutory appeal[:] * * * the avoidance of harm to a party *pendente lite* from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 756 (3d Cir.1974) (*en banc*), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *see also Cardwell v. Chesapeake & Ohio Railway Co.,* 504 F.2d 444, 446 (6th Cir.1974); C. Wright, Law of Federal Courts § 102, at 518.

Because §§ 1292(b) and 1292(d)(2) have the same operative language and functions, interpretations of § 1292(b) by Congress and the courts are equally pertinent to § 1292(d)(2). *United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983).

Turning to the case at bar, this court's opinion on the parties' cross-motion for summary judgment of July 14, 1983, does not contain a statement that a "controlling question of law" is involved, as defined by the courts under the companion § 1292(b). Moreover, we see no plausible basis, on these facts, for so stating. Questions of law have only been deemed "controlling," under this statute, if they materially affect issues *remaining to be decided* in the trial court. *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1027 (9th Cir.1981), *aff'd,* —— U.S. ——, 103 S.Ct. 1172, 75 L.Ed.2d 425 (1982); *E.F. Hutton & Co. v. Brown,* 305 F.Supp. 371, 402–03 (S.D.Tex.1969); *United States v. Woodbury,* 263 F.2d 784, 787–88 (9th Cir.1959).[3] Plaintiff, in his mo-

---

**3.** Some courts and commentators have taken the position that "the 'controlling question' requirement [should be read as identical to] the requirement that its determination may materially advance the ultimate termination of the litigation." *In re Duplan Corp.,* 591 F.2d 139, 148 n. 11 (2d Cir.1978); quoting 9 Moore, Federal Practice, ¶ 110.22[2] at 260 (2d ed. 1975); *see also E.F. Hutton,* 305 F.Supp. at 403; *In re Cement Antitrust Litigation,* 673 F.2d at 1029 (Boochever, J., dissenting); *contra, In re Cement Antitrust Litigation,* 673 F.2d at 1027. This court need not rule upon the correctness of this view, because the questions decided in

tion, misconstrues this phrase as meaning "controlling questions of law" as to those claims ruled upon in the interlocutory order. Additionally, plaintiff does not show, nor does he appear able to show, that any issues contained in the claims decided by the court's July 14 order will have a material effect over the pending causes of action, set forth in Count VI, that remain to be litigated.

Because this court sees no possible "controlling question of law" involved under § 1292(d)(2), we do not reach the question of whether there are substantial grounds for difference of opinion with respect to said controlling question.

Even if the first two criteria of § 1292(d)(2) are satisfied, however, plaintiff clearly has not satisfied the third requirement of § 1292(d)(2), that an immediate appeal from the July 14 opinion "may *materially* advance the ultimate termination of [this] litigation." It is clear that the remaining dispositive issues in subject litigation are primarily questions of fact incapable of resolution in whole or in part by an appeal of those claims that have already been decided, because each of the latter claims turns upon entirely separate questions of law. Thus, even in the unlikely event that plaintiff were to prevail in an interlocutory appeal, his appeal would not be dispositive of any factual issues in Count VI and he would still have to return to trial in this court for a determination of the remaining causes of action under Count VI. *See Charles Pfizer & Co. v. Laboratori Pro- Ter Prodotti Therapeutici,* 278 F.Supp. 148, 154 (S.D.N.Y.1967).

■ The granting of plaintiff's motion to certify this court's order pursuant to § 1292(d)(2), Title 28 U.S.C., therefore would not implicate the policies favoring interlocutory appeal in that it would: (a) permit a groundless appeal; (b) promote piecemeal and protracted litigation; (c) violate the "exceptional case" standard, *supra,*

by a grant of the certification in "ordinary cases"; and (d) not dispose of pending issues under Count VI which are primarily issues of fact. Because plaintiff has totally failed to show how an interlocutory appeal would: (a) avoid additional trial time and expense; (b) materially advance the ultimate termination of this litigation (*i.e.,* Count VI); or (c) visit any harm upon him *pendente lite,* his motion under § 1292(d)(2) must be denied.

■ Concomitant with the foregoing motion, plaintiff also moves under RUSCC 54(b) for the entry of a final judgment as to the nine counts ruled on by this court's opinion of July 14, 1983. Said rule permits this court to "direct the entry of a *final judgment*[4] as to one or more but fewer than all of the claims ... *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment." (Emphasis added.) This rule came into effect for the Claims Court on October 1, 1982, pursuant to § 139(b)(1) of the Federal Courts Improvement Act of 1982, which authorizes the United States Claims Court to prescribe rules of practice and procedure for its proceedings, and is identical to Rule 54(b) of the Federal Rules of Civil Procedure, the pertinent part of which became operative in 1946.

Rule 54(b) was promulgated "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed.R.Civ.P. 54(b) note (1946). The rule does not "represent a departure from or abandonment of the fundamental principle against splitting a claim and determining cases at the appellate level in piecemeal fashion." 10 C. Wright, A. Miller, E. Cooper, and E. Gresman, *Federal Practice and Procedure,* § 2654 at 37. *See also Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1

---

its July 14 opinion do not qualify as "controlling" under either the "materially advance the ultimate termination" or "materially affect the litigation" standards.

4. Pursuant to 28 U.S.C. § 1295(a)(3), the US- CAFC has exclusive jurisdiction of an appeal from a "final" decision of the United States Claims Court.

(1980); *Page v. Preisser,* 585 F.2d 336, 339 (8th Cir.1978); *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). Instead, it was only meant to be utilized as "a discretionary power to afford a remedy in the infrequent harsh case." *Curtiss-Wright,* 446 U.S. at 9, 100 S.Ct. at 1465; *International Controls Corp. v. Vesco,* 535 F.2d 742, 748 (2d Cir. 1976), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1976), quoting Notes of the Advisory Committee on the Rules of Civil Procedure, reprinted in 5 F.R.D. 433, 473 (1946). For example, the courts have permitted certification under Rule 54(b) if doing so will avert the possibility of multiple trials,[5] expedite a final decision,[6] or resolve a novel question likely to recur in the litigation.[7]

Assuming, arguendo, that Count VI presents a separate claim for the purposes of Rule 54(b), plaintiff has nevertheless shown no reason why this case comes within the scope of the rule. He has indicated no injustice whatsoever that would result if the appeal of the nine adjudicated counts is delayed until after the resolution of Count VI which is scheduled for trial on September 23, 1983. He has certainly not shown that "there is no *just* reason for delay" or other urgency which should compel this court to enter a final judgment on Counts I through V and VII through X, on the grounds that an immediate appeal thereof could expedite or avert further litigation. Nor has he shown any novel question of law likely to recur in the pending litigation (*i.e.,* Count VI) in this court.

It is well settled that the § 54(b) "determination" is left to the sound judicial discretion of the trial court to decide the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration with a purpose of preserving the historic federal policy against piecemeal appeals in cases which should be reviewed only as a single unit. Pertinent to this point, the Supreme Court recently stated:

> Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely. That is implicit in commending them to the sound discretion of [the] Court.

Because entry of a final judgment in this case, as motioned, would spawn precisely the type of piecemeal litigation that the certification rule was designed to prevent, it would strain credulity to give further consideration to the foregoing motion. Therefore, plaintiff's motion under Rule 54(b) must also be denied.

IT IS SO ORDERED.

---

5. *Chamberlain v. Harnischfeger Corp.,* 516 F.Supp. 428, 430 (E.D.Pa.1981).

6. *American Security Co. v. Shatterproof Glass Corp.,* 166 F.Supp. 813, 827 (D.Del.1958), *aff'd,* 268 F.2d 769, 774 n. 11 (3d Cir.1959), *cert. denied,* 361 U.S. 902, 80 S.Ct. 210, 4 L.Ed.2d 157 (1959).

7. *International Union of Electric Radio Workers, AFL–CIO–CLC v. Westinghouse Electric Corp.,* 631 F.2d 1094, 1099 (3d Cir.1980), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3122, 69 L.Ed.2d 980 (1981).