The CHEROKEE NATION OF
OKLAHOMA, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 218–89L.

United States Claims Court.

May 8, 1991.

Joe R. Reeder, Washington, D.C., for plaintiff.

Thornton Withers Field, Washington, D.C., with whom was Asst. Atty. Gen. Richard E. Stewart, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

This case is before the court on defendant's motion in limine. For the following reasons, the court grants defendant's motion.

## FACTS

On October 11, 1990, this court issued an Order partially dismissing plaintiff's complaint. 21 Cl.Ct. 565. On October 18, 1990, defendant moved the court to order plaintiff to file a more definite statement or, in the alternative, an amended complaint based on the court's October 11, 1990 Order. On October 29, 1990, the court allowed defendant's motion, ordering plaintiff to:

1. Specify exactly which lands, by legal description or some other generally accepted method for land identification, are the subject of the alleged breaches of trust.

2. Specify for each parcel identified in paragraph 1 above the alleged trespassing party (or parties) who has caused the alleged injury.

3. Identify with specificity what leases and what lands are involved in the numerous allegations of mismanagement, e.g., the conflicting and topping oil and gas leases (Complaint, ¶ 55) and the leases under which defendant allegedly has

failed to collect payments due (Complaint, ¶ 63).

4. Identify with particularity when the claims first accrued (*e.g.*, which trespassers, if any, began their trespass activities after April 21, 1983, and the effective date of the topping leases at issue); and

5. Delete from the complaint those issues disposed of in the court's October 11, 1990 Order.

Ostensibly in response to this order, plaintiff filed its first amended complaint on February 8, 1991, realleging virtually every issue set forth in its original complaint, and failing to allege a number of claims with the requisite specificity.

## DISCUSSION

In its October 11, 1991 Order, this court disposed of many of the issues plaintiff raised in its original complaint, and determined that only a few narrow issues remained ripe for adjudication. Specifically, the court determined that plaintiff had failed to state a claim for:

1. Failure to evict casual trespassers from plaintiff's lands in general, and failure to survey those lands;

2. Failure to remove trespassers from plaintiff's farm and range lands, and failure to issue farming and grazing leases;

3. Failure to manage plaintiff's timber lands.

*See Cherokee Nation of Okla. v. United States*, 21 Cl.Ct. 565, 572 (1990). The court left intact only those claims alleging failure to remove trespassers from, and issue leases on, plaintiff's mineral lands, claims for unauthorized use of plaintiff's land, and claims for unauthorized use of land for rights-of-way. *Id.* Notwithstanding the court's October 11, 1990, and October 29, 1990 Orders, plaintiff's amended complaint pleaded allegations with which the court clearly and dispositively already had dealt. Defendant argued that plaintiff was barred from rearguing its case, and that the court should strike those portions of the amend-

ed complaint alleging issues the court already resolved.

■ Plaintiff insisted it was entitled to reallege much of its original complaint because the court, in its October 11, 1990 Order, stated "that additional material facts may arise ... that would alter this decision one way or another." *Cherokee Nation*, 21 Cl.Ct. at 568. Plaintiff, apparently, took this statement out of context and applied it to all issues covered in the opinion. However, read in the context of the remainder of the paragraph, this sentence unmistakably referred only to those claims the court could not, at that time, dismiss, and which it specifically enumerated. Additionally, the court went on to say that it could not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 569 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Because the court did dismiss a number of plaintiff's claims, obviously it determined that plaintiff could not prevail under any set of facts. The plain words of the opinion should have left no doubt that those claims were not open for reargument, but were finally decided. Therefore, the court strikes those portions of plaintiff's first amended complaint that address issues resolved in the court's October 11, 1990 Order.

Defendant also argued that, because the court ordered plaintiff to plead the remaining claims with specificity and plaintiff failed, for a number of the claims, to provide the level of specificity the court ordered, the court may strike those defective portions of the pleading. *See Baskett v. United States*, 2 Cl.Ct. 356, 366–67 (1983). Plaintiff argued that it could not, at this time, identify specific trespassers because of a "lack of exact[,] identifiable riverbed boundaries," and that it "is unable to assess when the vast majority of its claims first accrued due to the absence of [Bureau of Land Management] surveys."[1] Plaintiff also argued that *Baskett* is inapposite

---

1. The court notes that in its October 11, 1990 Order, it specifically rejected plaintiff's contention that defendant had a duty to survey plain- tiff's lands, and recognized that plaintiff was not prohibited from conducting its own surveys.

because it dealt with fraud claims which fall under a different rule of pleading. *See* Rules of the United States Claims Court (RUSCC) 9(b).

The court agrees with plaintiff that notice pleading generally is sufficient in the federal courts unless the claim is based on fraud. However, where a court has ordered a plaintiff to plead with specificity, plaintiff no longer can rely on the less rigorous demands of RUSCC 8 general notice pleading. Where, as here, the court explicitly has delineated what information plaintiff must supply, and plaintiff has failed to furnish that information, the court is well within its discretion in striking the nonresponsive portions of the pleading. *See Velasquez v. United States*, 2 Cl.Ct. 347, 348 (1983); 71 C.J.S. Pleading § 482. The court therefore strikes those parts of the complaint in which plaintiff has failed to provide the requisite degree of specificity.

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion in limine. Plaintiff now is limited to those lands and causes of action which it identified with particularity in its amended complaint, and which were not dismissed in the court's October 11, 1990 Order. Plaintiff shall file a second amended complaint that is responsive to this Order within 30 days.

IT IS SO ORDERED.