**The CHEROKEE NATION OF OKLAHOMA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 218–89L.

United States Claims Court.

Aug. 21, 1991.

Joe R. Reeder, Washington, D.C., for plaintiff.

Thornton Withers Field, Washington, D.C., with whom was James M. Upton, for defendant.

---

## ORDER

### MOODY R. TIDWELL, III, Judge:

This case is before the court on plaintiff's motion for entry of final judgement under RUSCC 54(b) on those claims dismissed by the court in its October 11, 1990 Order. *See Cherokee Nation of Oklahoma v. United States*, 21 Cl.Ct. 565 (1990) (*Cherokee I*). For the following reasons, the court denies plaintiff's motion. The facts are set forth in the October 11, 1990 Order, and will not be repeated here except as necessary.

## FACTS

Plaintiff filed its original complaint on April 21, 1989, contending that defendant breached various fiduciary duties owed plaintiff pursuant to legislation which placed plaintiff's tribal lands into trust to be held by defendant for plaintiff's use and benefit. *See* Act of April 26, 1906, ch. 1876, § 27, 34 Stat. 137, 148. Plaintiff's complaint consisted of eight counts. *Cherokee I*, 21 Cl.Ct. at 571–72. Defendant filed a motion to dismiss in which it contended, *inter alia*, that plaintiff failed to state a claim under RUSCC 12(b)(4), in Counts I–V. *Id.* at 568.

In its October 11, 1990 Order, this court granted defendant's motion to dismiss plaintiff's claims for: (1) failure to evict casual trespassers in general and failure to survey plaintiff's lands; (2) failure to remove trespassers from plaintiff's farm and range lands and failure to issue farming and grazing leases; and (3) failure to manage plaintiff's timber lands. *Id.* at 582. This order effectively dismissed Counts I, IV, and V of plaintiff's original complaint.[1] Following this ruling, defendant filed a motion for a more definite

statement or, in the alternative, an amended complaint, alleging that plaintiff's original complaint "is so vague and ambiguous that defendant cannot ... frame a responsive pleading thereto...." The court allowed defendant's motion for specificity as to the surviving claims in an October 29, 1990 Order directing plaintiff to file an amended complaint. Additionally, the court ordered plaintiff to delete from its amended complaint the claims the court dismissed in its October 11, 1990 Order.

On February 8, 1991, plaintiff filed its first amended complaint and, in blatant disregard of the October 29, 1990 Order, realleged virtually every issue set forth in its original complaint. Plaintiff also repeated its failure to allege a number of claims with any adequate degree of specificity. In response, defendant filed a motion in limine to restrict plaintiff's complaint to the claims which it identified with proper specificity in its first amended complaint. The court granted defendant's motion in a May 8, 1991 ruling. *Cherokee Nation of Oklahoma v. United States*, 23 Cl.Ct. 117 (1991) (*Cherokee II*). The court further struck the claims it had dismissed in *Cherokee I*, and instructed plaintiff to file a second amended complaint in compliance with the May 8, 1991 Order. Plaintiff filed its second amended complaint on June 7, 1991, and moved simultaneously for entry of final judgement under RUSCC 54(b), so that it immediately could appeal those claims dismissed in *Cherokee I*.[2]

## DISCUSSION

Plaintiff seeks entry of final judgement under RUSCC 54(b), which is identical to Rule 54(b) of the Federal Rules of Civil

---

**1.** In its motion for entry of final judgement, plaintiff incorrectly designated the dismissed claims as Counts I, IV, and V of its first amended complaint. While plaintiff improperly included these claims in its first amended complaint, this court's October 11, 1990 Order dismissed the above-referenced claims from plaintiff's original complaint.

**2.** The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of an appeal from a "final decision" of the United

States Claims Court under 28 U.S.C. § 1295(a)(3). There are other effects arising from the entry of a final judgment aside from the right to immediately appeal; e.g., obligation to pay adverse judgement and *res judicata*. *See Local P–171 v. Thompson Farms Co.*, 642 F.2d 1065, 1071 n. 7 (7th Cir.1981); *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 n. 7 (7th Cir.1980). However, the pertinent consideration for this motion is whether the dismissed claims are ready for appeal.

Procedure. RUSCC 54(b) states, in pertinent part:

> *Judgement upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgement as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgement.

The rule "attempts to make a reasonable accommodation between [the policy against piecemeal appeals,] and those problems of the timing of review which have been accentuated by the liberalized joinder of claims, counterclaims, cross-claims, and third-party claims in one law suit...." *Panichella v. Pennsylvania R.R.*, 252 F.2d 452, 454 (3d Cir.1958).

▉ Rule 54(b) lists four specific requirements for an entry of final judgment: (1) there must be multiple claims for relief or multiple parties, (2) a final judgment as to at least one but not all of the claims or parties, (3) an express determination that there is no just reason for delay, and (4) an express direction for entry of final judgment. In a multiple claims action, these prerequisites generally are referred to as the requirements that there be separate claims, a final judgment as to the separate claim(s), and a determination of "no just reason for delay." *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 182–83 (2d Cir. 1978). *See also Local P–171 v. Thompson Farms Co.*, 642 F.2d 1065, at 1069–71 (7th Cir.1981). Taken together, these requirements constitute "certification." The court will address each certification requirement in turn.

There is no bright-line test for determining whether claims are "separate" for purposes of Rule 54(b). Under the original rule, promulgated in 1939, the courts utilized a "transaction test," with different transactions or occurrences required to support separate claims. *See Reeves v. Beardall*, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942); *Rabekoff v. Lazere & Co.*, 323 F.2d 865 (2d Cir.1963). However, under the rule as amended in 1946, the Supreme Court rejected the transaction test, acknowledging the impractical rigidity of recognizing just one claim arising from any one transaction or occurrence. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Cold Metal Process Co. v. United Co.*, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). But the Court failed to articulate a practical definition of "separate." *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4, 47 L.Ed.2d 435 (1976). This failure led the Seventh Circuit to question the necessity of a finding that claims are "separate:"

> [S]ince the exercise of the district court's discretion in granting Rule 54(b) certification already involves a balancing of the value of accelerated repose to the litigants against the potential inconvenience to the appeals court posed by overlap between certified claims and noncertified claims, and since that determination can be reviewed by the appellate courts for abuse of discretion, it is hard to see what additional function the formal characterization of claims as "separate" or "identical" serves.

*Local P–171*, 642 F.2d at 1070. While there are several rules describing what types of claims are not separate, *Id.* at 1070–71, there is no clear, workable definition. However, the court need not analyze the question of whether plaintiff's dismissed claims are separate from its surviving claims, as plaintiff has failed to demonstrate that there is "no just reason for delay."

Although neither party disputed that the court's dismissal of certain claims in *Cherokee I* constituted a final judgment as to those claims, the court briefly will address that requirement. For purposes of Rule 54(b), the Supreme Court has held that the district court cannot "treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291," otherwise the rule would undermine the jurisdiction of the appeals court as mandated by law. *Sears Roebuck & Co.* 351 U.S. at 437–38, 76 S.Ct.

at 900–901. A similar construction of Rule 54(b) is necessary to prevent an erosion of 28 U.S.C. § 1295(a)(3).[3] For an order of the court to be a final judgment, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. at 436, 76 S.Ct. at 900).

▪ This court's October 11, 1990 Order dismissing several of plaintiff's claims under RUSCC 12(b)(4), was a final disposition of those claims on the merits. *See Electro–Methods, Inc. v. United States*, 728 F.2d 1471, 1474 (Fed.Cir.1984). The court noted that it could not so dismiss " 'unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *Cherokee I*, 21 Cl.Ct. at 569 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). In its October 29, 1990 Order, the court ordered plaintiff to delete the dismissed claims in its first amended complaint. Clearly, all that is left for this court on the dismissed claims is to enter final judgment.

The third requirement for a Rule 54(b) certification is that the court make "an express determination that there is no just reason for delay." The Supreme Court acknowledged that the trial court is "most likely to be familiar with the case and with any justifiable reasons for delay." *Sears, Roebuck & Co.*, 351 U.S. at 437, 76 S.Ct. at 901. The court "must take into account judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1465. The trial court acts as a "dispatcher," and must determine when each separate claim which was finally decided is ripe for appeal, *Id.* 351 U.S. at 435, 76 S.Ct. at 899, and

exercise this discretion "in the interest of sound judicial administration." *Id.* at 437, 76 S.Ct. at 900.

Because of the policy against piecemeal appeals, and in the interests of judicial economy, the court may not invoke Rule 54(b) liberally, but must find "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp.*, 582 F.2d at 183. The court must reserve judgments under Rule 54(b) "for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

▪ Plaintiff did not allege that any "hardship or injustice" would result if it could not obtain immediate appellate review of its dismissed claims, even though plaintiff bears the burden of such a showing. *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 365 (3d Cir. 1975). Rather, plaintiff advanced several arguments purporting to reassure the court that a final judgement under Rule 54(b) will "not risk either duplicative waste or unnecessary proceedings before the Court of Appeals" and "would not in all likelihood risk delay of the trial or discovery ... on the surviving claims." While the court must consider factors of judicial economy and administration before it enters a Rule 54(b) judgment, these factors do not, by themselves, lead to the conclusion that there is no just reason for delay. *Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1464. *See also Morrison–Knudsen*, 655 F.2d at 965; *Bank of Lincolnwood*, 622 F.2d at 951; *Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 70 (2d Cir.1977); *Allis–Chalmers Corp.*, 521 F.2d at 364–65; *Panichella*, 252 F.2d at 455. *But See Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1109 (7th Cir.1984); *I.L.T.A.*,

---

**3.** 28 U.S.C. § 1295(a)(3) is the Claims Court's equivalent of 28 U.S.C. § 1291. *See supra* note 2.

*Inc. v. United Airlines, Inc.*, 739 F.2d 82, 83–84 (2d Cir.1984).

In *Allis–Chalmers*, the court cited many considerations of judicial economy that are relevant to a Rule 54(b) certification, but concluded that "the essential inquiry is whether, after balancing the competing factors, finality of judgment should be ordered to advance the interests of sound judicial administration and public policy." 521 F.2d at 365. Plaintiff stretches credulity by contending that the "likely" absence of a risk of judicial waste is an advancement of the "interests of sound judicial administration." Plaintiff does not advance, nor can this court find, any goal of judicial administration, such as the shortening or expediting of a trial, that would be served by an immediate appeal.

Plaintiff's situation is similar to that of the plaintiffs in *Brown v. United States*, 3 Cl.Ct. 409 (1983), and *Favell v. United States*, 22 Cl.Ct. 132 (1990). In both *Brown* and *Favell*, plaintiffs unsuccessfully attempted to effect the entry of final judgement under Rule 54(b), but failed to show that there was "no just reason for delay." In *Brown*, the court denied plaintiff's request for certification because plaintiff had "indicated no injustice whatsoever that would result if the appeal of the [dismissed claims] is delayed until after the resolution of [the surviving claims]." 3 Cl.Ct. at 413. In *Favell*, the court denied plaintiff's Rule 54(b) motion because plaintiff failed to show "that 'there is no just reason for delay' or other urgency which should compel this court to enter final judgment ... on the grounds that an immediate appeal ... could expedite or further litigation." 22 Cl.Ct. at 141. Plaintiff here likewise failed to make such a showing.

Additionally, plaintiff filed its Rule 54(b) motion on June 7, 1991—over eight months after this court's decision that dismissed the claims for which plaintiff now seeks a final judgment. Defendant cited *Schaefer v. First National Bank of Lincolnwood*, 465 F.2d 234 (7th Cir.1972) wherein the court dismissed an appeal from the district court, in part, because nearly three months had elapsed between the time the court dismissed plaintiffs' initial appeal for lack of certification under Rule 54(b), and the date plaintiffs sought a proper Rule 54(b) certification. That factor led the Seventh Circuit to hold that "the lack of diligence on the part of the plaintiffs in seeking the Rule 54(b) order is sufficient, without more, to warrant our dismissal of the present appeal." *Schaefer*, 465 F.2d at 235–36. The court concluded "that as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *Id.* at 236. The court based its conclusion on the thirty day requirement for appeals as of right under Rule 4(a) of the Federal Rules of Appellate Procedure, and a conviction that Rule 54(b) appeals should not have the benefit of additional time. Plaintiff's lack of diligence here supports this court's conclusion that there is no urgent need for an appeal of the dismissed claims.

### CONCLUSION

Plaintiff offered no justification for "an express determination that there is no just reason for delay," nor can the court find any such grounds. Because of this deficiency of a fundamental element of RUSCC 54(b), plaintiff's motion for entry of final judgment is denied. Costs to defendant.

IT IS SO ORDERED.