COAST FEDERAL BANK,
FSB, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 92–466–C.

United States Court of Federal Claims.

March 26, 2001.

Charles J. Cooper, Washington, DC, for plaintiff. Steven S. Rosenthal, Alan K. Palmer, and Michael W. Kirk, Washington, DC, of counsel.

John N. Kane, Jr., with whom were David W. Ogden, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Department of Justice, Washington, DC, for defendant. William C. Buckhold, F. Jefferson Hughes, William L.

Small, Edward Sullivan, and Jordan Thomas, of counsel.

## ORDER

HEWITT, Judge.

Before the court is Plaintiff's Motion to Certify the Question of the Capital Credit's Duration for Interlocutory Appeal and to Stay Further Proceedings in this Case (Pl. Mot. Cert.). Plaintiff requests that the court certify for immediate interlocutory appeal the issue of the permanence of plaintiff's capital credit, decided in this court's Opinion and Order of December 28, 2000 (Opinion). Pl. Mot. Cert. at 1. Plaintiff also requests that, should the court grant the motion for certification, all proceedings in this matter be stayed pending the resolution of the appeal. *Id.* at 1–2. Defendant opposes the motion for certification and the motion to stay proceedings.

### I. Motion for Certification

■ Interlocutory relief is available only in exceptional cases where there is a possibility of unnecessary delay and expense or protracted and expensive litigation. *Northrop Corp. v. United States*, 27 Fed.Cl. 795, 798–99 (1993). The statute governing the certification of interlocutory appeals in this court states:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order.

28 U.S.C. § 1292(d)(2). There are, then, three factors which determine whether certification is appropriate: whether there is a controlling question of law; whether there is a substantial ground for difference of opinion with respect to that question; and whether an immediate appeal may materially advance the ultimate termination of the litigation.

The court addresses each of the three factors in turn.

### A. Controlling Question of Law

■ Questions of law are "controlling" when they " 'materially affect issues remaining to be decided in the trial court.' " *Pikes Peak Family Housing, LLC v. United States*, 40 Fed.Cl. 673, 686 (1998) (quoting *Brown v. United States*, 3 Cl.Ct. 409, 411 (1983)). Defendant argues that the issue of the permanence of plaintiff's capital credit is not a controlling question of law because it involves the application of the law of contract interpretation to the facts of the case. Defendant's Response to Plaintiff's Motion to Certify the Question of the Capital Credit's Duration for Interlocutory Appeal and to Stay Further Proceedings in this Case (Def. Opp.) at 6–7.

The court disagrees with defendant's interpretation of the "controlling question of law" requirement. It is true that the specific issue of contract interpretation that the court resolved in its opinion will likely not recur in future proceedings in this matter. The issues remaining to be decided do not appear to ˋhinge on the same contract provisions addressed in the court's discussion of the permanence of plaintiff's capital credit. But, as the court explained in its opinion, the damages projection that plaintiff's expert has already prepared is premised on the assumption that the capital credit did not amortize. *See* Opinion at 42 n.27 ("The court notes in addition that one of the premises for Dr. Smith's 'but for' model is that plaintiff, absent the breach, would have had RAP goodwill in the amount of approximately $299 million as a permanent and nonamortizing addition to regulatory capital.... The court rejects this premise.") Further proceedings on damages will therefore be "controlled" by the resolution of the amortization question, because plaintiff will be expected to prepare a damages projection consistent with the court's holding on this issue of contract interpretation.

Defendant also argues that plaintiff is not entitled to any lost profits damages, whether or not the capital credit was permanent or amortizing, and therefore that the resolution

of the permanence question does not affect the lost profits determination. Def. Opp. at 7. Defendant argues that plaintiff's lost profits model contained assumptions that were inconsistent with the court's rejection of plaintiff's claim to "wounded bank" damages. *Id.* To the extent that the model made assumptions that the court has rejected, plaintiff will be expected to revise the model for purposes of proving its damages at trial. The court believes that it is proper to permit plaintiff to make those revisions. *See* Opinion at 42 n.27. Moreover, even assuming that the permanence of the capital credit does not affect the resolution of plaintiff's lost profits claim, the amortization question is still relevant to further proceedings in this case. Specifically, plaintiff's damage model includes the cost of replacing its lost capital, a cost that the court cannot determine without resolving exactly how much capital plaintiff lost. Appendix to Defendant's Motion for Summary Judgment on Damages (Def. App.) v.1 at 162. The amount of plaintiff's lost capital at any one time depends on whether and how plaintiff's capital credit amortized. The court therefore believes that the resolution of the permanence question will control future proceedings in this case.[1]

### B. Substantial Ground for Difference of Opinion

■ Certification for interlocutory appeal is not appropriate unless there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(d)(2). Usually, an issue on which there is "substantial ground for difference of opinion" is one on which courts have disagreed. *See, e.g., KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd.,* 250 B.R. 74, 82–83 (E.D.Va.2000) (applying analogous § 1292(b) provision for interlocutory review of district court orders). Whether RAP goodwill is required to amortize is an issue of first impression, and it is therefore impossible to tell at present whether other courts will disagree with this court's holding. The court notes, however, that more than 200 pages of briefs and numerous hours of argu-

ment have been devoted to this issue. The extent and depth of the parties' dispute on this issue suggest that there is room for disagreement. Moreover, as the court discussed in its opinion, there were disputes between the government and various thrifts about the amortization of RAP goodwill in the years between the execution of plaintiff's Assistance Agreement and the enactment of FIRREA. Opinion at 13–14. The court finds it plausible that a question whose answer was not readily apparent to some thrifts even before the *Winstar*-related litigation began could offer "substantial ground" for dispute. The court notes in addition that a trial court may certify a question for interlocutory appeal while continuing to find that its own resolution of that question was correct. *See United States v. JS&A Group, Inc.,* 1982 WL 1916, *2 (N.D.Ill. Aug. 4, 1982) ("Though the court still believes that its original position was correct ... the court does believe that there is substantial ground for differences of opinion on the issues."), *aff'd,* 716 F.2d 451 (7th Cir.1983). Accordingly, the court believes that there is sufficient ground for differences of opinion on this issue to warrant interlocutory review.

### C. Material Advancement of the Termination of the Litigation

■ Whether interlocutory review of this question would materially advance the resolution of this case depends in large part on considerations of "judicial economy" and the need to avoid "unnecessary delay and expense" and "piecemeal litigation." *Northrop,* 27 Fed.Cl. at 800–01. Defendant argues that the delay that would result from immediate appellate review of the permanence question counsels against certification. Def. Opp. at 16–17.

■ The court believes that judicial economy favors certification for interlocutory review in this case. As discussed above, the resolution of the amortization issue substantially affects plaintiff's damages model. Should the parties try all remaining damages

---

1. Plaintiff has also argued that the resolution of this issue will advance the termination of other *Winstar*-related cases that address the same issue. Pl. Mot. Cert. at 7. The court finds that the permanence question is a "controlling question of law" for purposes of this case and declines to address the possible effect of its decision on other cases.

issues based on the assumption that the capital credit did not amortize, a reversal by the Federal Circuit on the permanence issue would necessitate retrying those damages issues based on the contrary assumption. The wastefulness of such duplicative litigation is apparent. Of course, it is true that immediate interlocutory review would mean some delay in the resolution of the case by the trial court in the first instance. Def. Opp. at 16. But a reversal on appeal after a full trial on damages would lead to even more delay, particularly if one assumes that the case were to be retried and appealed again after the second trial, a not unlikely prospect given the large sums at issue.

Defendant also argues that there is no possibility of duplicative litigation because plaintiff is clearly not entitled to try its lost profits claims. Def. Opp. at 17–18. The court has already addressed this argument, in the context of the "controlling question of law" factor, and found that it is without merit. The court therefore finds that certification of the issue of amortization would materially advance the ultimate termination of this litigation.

## II. Motion to Stay

Plaintiff requests that all proceedings in this matter be stayed pending the resolution of the interlocutory appeal. Pl. Mot. Cert. at 9. Defendant opposes this request, arguing that plaintiff has not shown that a stay is warranted in this case. Def. Opp. at 20–22.

Defendant argues that a stay pending appeal " 'is always an extraordinary remedy.' " Def. Opp. at 20 (quoting *Minor Metals, Inc. v. United States*, 38 Fed.Cl. 379, 381 (1997)). The stay at issue in *Minor Metals* and in other cases cited by defendant, however, was a stay of the court's judgment pending appeal. *See Golden Eagle Refining Co. v. United States*, 4 Cl.Ct. 622, 622 (1984) ("[P]laintiff moved for a stay, pending appeal, of the judgment issued by the court."); *Minor Metals*, 38 Fed.Cl. at 381 (stating that judgment on both counts of the complaint were entered); *Aerolease Long Beach v. United States*, 31 Fed.Cl. 342, 372 ("The decision of this Court allowed the contracting officer to make award of the contract at issue

.... [T]he plaintiff submitted a motion requesting a stay of award pending appeal."), *aff'd*, 39 F.3d 1198 (Fed.Cir.1994). Plaintiff has requested a stay not of final judgment, but of further proceedings in this matter. The court therefore finds the cases cited by defendant inapposite.

■ A court has broad discretion to stay proceedings before it in the interests of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The stay requested in *Landis* was a stay of further proceedings before the court pending the resolution of an appeal in a separate case that addressed a similar issue. *Id.* at 250–51, 57 S.Ct. 163. The Supreme Court noted that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255, 57 S.Ct. 163.

■ Section 1292 does not require that proceedings in a trial court be stayed pending the resolution of an interlocutory appeal. In deciding whether to stay proceedings in this situation, the court considers whether "the ... order appealed from, if vacated, would vitiate the[ ] proceedings" below. *United States v. Local 560 (I.B.T.)*, 694 F.Supp. 1158, 1186 (D.N.J.1988). As the court has explained, the permanence issue directly affects plaintiff's remaining damages claims. Trying the case under one set of assumptions, then retrying it under a different set of assumptions due to a reversal on appeal, would be inconsistent with judicial economy. Moreover, defendant has not alleged that a stay of the proceedings in this matter would be prejudicial to defendant. The court therefore finds that a stay of further proceedings is appropriate.

## III. Conclusion

For the foregoing reasons, plaintiff's motion is GRANTED. The court's Opinion and Order of December 28, 2000 is hereby modified to include the following language:

The court certifies that the duration of plaintiff's capital credit presents a controlling question of law with respect to which there is a substantial ground for difference of opinion, and that an immediate appeal from this order with regard to that question may materially advance the ultimate termination of this litigation.

All proceedings in this matter are stayed until further order of the court.

IT IS SO ORDERED.