Ronald L. BERG, Borre A. Schmidt
and Dale T. Sturgill, Plaintiffs–
Appellants,

v.

Constance Berry NEWMAN, Director, Office of Personnel Management, Donald
B. Rice, Secretary of the Air Force and
United States of America, Defendants–
Appellees.

No. 92–1209.

United States Court of Appeals,
Federal Circuit.

Dec. 28, 1992.

Linda Lipsett, Bernstein & Lipsett, of Washington, DC, argued, for plaintiffs-appellants.

Joan M. Bernott, Dept. of Justice, argued, for defendants-appellees, with her on the brief were Stuart E. Schiffer and David M. Cohen. Of counsel was Lt. Col. W. Jan Faber, U.S. Dept. of Air Force.

Before ARCHER, LOURIE, and RADER, Circuit Judges.

RADER, Circuit Judge.

Ronald Berg, et al. appeal the grant of summary judgment in favor of the Office of Personnel Management (OPM). In granting OPM's motion, the United States District Court for the Eastern District of California determined that appellants are "exempt" from Fair Labor Standards Act (FLSA) overtime benefits. *Berg v. Newman*, No. CV-F-90-671 REC (E.D.Cal. June 19, 1991). The district court also determined that OPM could invoke the FLSA's "good faith" defense against liability for overtime payments. 29 U.S.C. § 259 (1988). Because the record does not show as a matter of law that appellants are exempt from FLSA overtime benefits and because Government agencies may not rely on OPM regulations for a "good faith" defense, this court reverses and remands.

## BACKGROUND

Appellants are or were GS-12 electronic technicians who maintain and repair air traffic control equipment at Edwards Air Force Base in California. Appellants allege that the United States Air Force improperly classified them as exempt from FLSA overtime provisions. Exempt employees under the FLSA are not entitled to overtime benefits. Appellants seek payment for overtime.

Before 1985, appellants were GS-11 electronic technicians whose positions were eligible for FLSA overtime. In 1985, OPM issued new regulations governing overtime status. Under these new regulations, the Air Force reclassified appellants' positions as exempt from FLSA overtime benefits.

By March 1987, the Air Force had promoted all appellants to GS-12 positions. In June 1989, the Air Force Director of Operations and Training requested reclassification of non-supervisory electronic technicians as non-exempt, in other words, entitled to FLSA overtime. After reviewing appellants' job description, the Air Force denied this request. The Air Force concluded that appellants' positions fell within the administrative exemption from the overtime provisions of the FLSA. *See* 5 C.F.R. § 551.205 (1992).

Appellants brought this action challenging this classification. The Government moved to dismiss, or in the alternative, for summary judgment. Appellants crossmoved for summary judgment. The district court denied appellants' motion and granted OPM's motion for summary judgment.

## DISCUSSION

This court has jurisdiction under 28 U.S.C. § 1295(a)(2) (1988). This court reviews the district court's summary judgment grant *de novo*. *National Cable Television Ass'n v. American Cinema Editors, Inc.*, 937 F.2d 1572, 1576, 19 USPQ2d 1424, 1427 (Fed.Cir.1991). Although both parties moved for summary judgment, this court need not affirm a judgment if the record discloses genuine factual disputes or does not justify a legal conclusion. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987).

### The Administrative Exemption

The FLSA provides overtime compensation for hours worked above a forty-hour workweek. 29 U.S.C. § 207 (1988). Employees classified by the FLSA as "exempt," however, receive no entitlement to overtime. 29 U.S.C. § 213 (1988). Exempt employees include individuals employed "in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). OPM has set forth specific criteria for determining whether specific jobs fall within the "executive," "administrative," or "professional" exemptions. *See* 5 C.F.R. §§ 551.204-551.206 (1992).

OPM's regulations on the administrative exemption state:

### § 551.205 Administrative exemption criteria.

An administrative employee is an advisor, assistance [sic], or representative of management, or a specialist in a management or general business function or supporting service who meets all of the following criteria:

(a) The employee's primary duty consists of work that—

(1) Significantly affects the formulation or execution of management policies or programs; or

(2) Involves general management or business functions or supporting services of substantial importance to the organization serviced; or

(3) Involves substantial participation in the executive or administrative functions of a management official.

(b) The employee performs office or other predominantly nonmanual work which is—

(1) Intellectual and varied in nature; or

(2) Of a specialized or technical nature that requires considerable special training, experience, and knowledge.

(c) The employee must frequently exercise discretion and independent judgment, under only general supervision, in performing the normal day-to-day work.

5 C.F.R. § 551.205.

■ This regulation requires an examination of the day-to-day work of an employee. To fit within the administrative exemption, an employee's day-to-day work must satisfy each of the three major regulatory touchstones: it must primarily involve or affect significant management responsibilities; it must involve nonmanual, intellectual or specialized duties; and it must demand frequent exercise of discretion and independent judgment.

■ The United States Civil Service Commission (CSC), succeeded by OPM, issued Federal Personnel Manual (FPM) Letter No. 551-7 on July 1, 1975. This letter sets forth for "*Heads of [Federal] Depart-*

*ments and Agencies*" the "Instructions for Applying the Exemption Provisions of the [FLSA]." FPM Letter No. 551-7 elaborates on the administrative exemption's "general management or business functions or supporting services" as follows:

*General management, business, or supporting services:* This element brings into the administrative category a wide variety of specialists who provide general management, business, or other supporting services as distinguished from production functions. The administrative employees in this category provide support to line managers by:

(1) Providing expert advice in specialized subject matter fields, such as that provided by management consultants or systems analysts;

(2) Assuming facets of the overall management function, such as safety management, personnel management, or budgeting and financial management;

(3) Representing management in such business function as negotiating and administering contracts, determining acceptability of goods or services, or authorizing payments; or

(4) Providing supporting services, such as automated data processing, communications, or procurement and distribution of supplies.

FPM Letter No. 551-7(B)(1)(h), July 1, 1975. In addition, FPM Letter No. 551-7 describes certain groups of employees who do not fit any of the administrative exemption criteria:

[N]onsupervisory employees at any grade level in occupations requiring highly specialized technical skills and knowledges [sic] that can be acquired only through prolonged job training and experience ... *unless* such employees are performing predominantly administrative functions rather than the technical work of the occupation.

FPM Letter No. 551-7(B)(2)(c), July 1, 1975. This letter clarifies that technical skills alone do not make employees exempt. Rather, the administrative exemption applies to technical employees whose primary duties include specialized management con-

sultation, overall management functions, contract negotiation and administration, and the like. To determine whether a position fits within the exemption, a trial court must have before it sufficient facts concerning the daily activities of that position to justify its legal conclusion.

■ Indeed, this record does not contain sufficient facts to justify the legal conclusion that appellants belong in the administrative exemption. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–61, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970). The Government has the burden to show that appellants meet the criteria for the administrative exemption. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974). As movant for summary judgment, the Government must further show the absence of a genuine dispute about any material fact. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

■ At the outset, appellants' technical expertise alone does not place them within the administrative exemption. *See Palardy v. Horner*, 711 F.Supp. 667, 670 (D.Mass.1989) (technical Navy employees not administratively exempt). Beyond technical expertise, the exemption requires day-to-day duties with other characteristics, such as significant managerial functions and frequent exercise of independent judgment.

The record does not suffice to show that appellants' day-to-day duties fall within the administrative exemption. The Government's evidence consists of appellants' job description and two conclusory statements from Air Force classifiers. The Government, however, presents no evidence describing appellant's specific job duties. The general job description lacks specific facts about appellants' day-to-day activities. Similarly, the Air Force classifiers supply little, if any, factual basis for their conclusions that appellants fit within the exemption. The record provides little, if any, evidence of appellants' supervisory or managerial functions on a daily basis. Nor does the record show that appellants'

duties require frequent exercise of discretion and independent judgment.

Given the scarcity of specific evidence in the record, appellants' status under the administrative exemption criteria remains a genuine issue of material fact. *See Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608. Because the Government did not meet its burden of proof, the sufficiency of appellants' evidence is irrelevant. *Id.* at 160, 90 S.Ct. at 1609–10. Therefore, the trial court erred in granting OPM's summary judgment motion.

### The "Good Faith" Defense

■ The district court also concluded that 29 U.S.C. § 259 shielded the employing agency from liability for overtime in this case. The good faith defense, 29 U.S.C. § 259, states:

(a) [N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

(b) The agency referred to in subsection (a) of this section shall be—

(1) in the case of the Fair Labor Standards Act of 1938, as amended ... the Administrator of the Wage and Hour Division of the Department of Labor.

Thus, an employer may escape FLSA liability if it fails to pay in good faith reliance on regulations from "the agency of the United

States specified in subsection (b)." That agency is the "Administrator of the Wage and Hour Division of the Department of Labor" (Administrator). The FLSA charges the Administrator with ensuring private employer compliance with the provisions of the statute. 29 U.S.C. § 204 (1988). Section 259 does not refer to OPM, or its predecessor, CSC.

Congress added section 259 to the FLSA as part of the Portal to Portal Act of 1947, ch. 52, 61 Stat. 84, 89. At that time, FLSA's overtime provisions did not extend to Federal Government employees. In 1974, this circumstance changed; Congress brought Federal employees within the ambit of the FLSA. Amendments to the FLSA, Pub.L. No. 93–259, 88 Stat. 55, 58–62 (1974) (pertinent part codified at 29 U.S.C. § 203(e)(2)(A) (1988)). Congress, however, has never amended section 259 to include CSC or OPM regulations as a basis for the good faith defense.

OPM argues that Federal agency employers deserve the same good faith defense afforded private employers. Because OPM issues employment regulations for Federal agencies, OPM contends that its regulations should have the same insulating effect as regulations promulgated by the Administrator. This court disagrees.

The section 259 exception is clear and unambiguous. Section 259 protects only those employers who rely on regulations promulgated by the "Administrator of the Wage and Hour Division of the Department of Labor." Nowhere does the statute grant the same insulating effect to CSC or OPM regulations. To apply the statute to a regulation issued by OPM, an agency not referred to in section 259, would extend the section 259 exception beyond its scope. *See Horner v. Andrzjewski*, 811 F.2d 571, 574–75, (Fed.Cir.) (statutory omissions construed as exclusions), *cert. denied*, 484 U.S. 912, 108 S.Ct. 257, 98 L.Ed.2d 215 (1987); *Martin J. Simko Constr. v. United States*, 852 F.2d 540, 542 (Fed.Cir.1988) (unambiguous statutory language governs).

Construing section 259 according to its unambiguous language is also consistent with the overall context and operation of the good faith exception. As the United States Claims Court, now the Court of Federal Claims,* correctly explained, section 259 envisions a separation between the employer and the regulator. *Abundis v. United States*, 15 Cl.Ct. 506, 512 (1988); *contra Palardy v. Horner*, 711 F.Supp. 667, 672 (D.Mass.1989). When, however, the Government is both employer and regulator, "the regulations both originate from and apply to the same entity." *Abundis*, 15 Cl.Ct. at 512. Application of section 259 to public sector employees could potentially insulate the Government from liability arising from its own faulty regulations. *Id.* Thus, OPM's absence from section 259 prevents the Government from both adopting and shielding itself from liability for faulty regulations.

To the extent that the district court in this case relied on section 259 to grant the Air Force a good faith defense to liability, it erred. For the reasons stated above, this court determines that the Air Force may not raise section 259 as a defense in reliance on OPM regulations.

Appellants' Summary Judgment Motion

Appellants also ask this court to reverse the district court's denial of their motion for summary judgment. This court must review the district court's denial of appellants' summary judgment motion in the light most favorable to OPM. *Mingus Constructors*, 812 F.2d at 1391. As movants, appellants bear the burden of establishing the absence of any genuine issue of material fact. *Id.* at 1390. Appellants' classification under the administrative exemption, however, requires the resolution of issues of material fact. Therefore, this court affirms the district court's denial of appellants' motion for summary judgment.

CONCLUSION

This court holds that the record is insufficient to grant summary judgment con-

---

* In the *Federal Courts Administration Act of 1992* (Courts Act), Pub.L. No. 102–572, 106 Stat. 4506, Congress changed the name of the United States

Claims Court to the United States Court of Federal Claims.

cerning classification of appellants' jobs as exempt from FLSA overtime benefits. This court also determines that the Air Force may not assert section 259 as a defense in reliance on OPM regulations. Therefore, this court affirms the district court's denial of appellants' motion for summary judgment, reverses the district court's grant of summary judgment in favor of OPM, and remands.

## COSTS

Each party shall bear its own costs.

REVERSE AND REMAND.