Stephen ADAMS, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 90–162 C.

United States Court of Federal Claims.

Aug. 27, 1997.

## ORDER

MOODY R. TIDWELL, III, Judge.

Plaintiffs have filed a motion to vacate the court's orders of October 30, and December 11, 1992, that declared certain plaintiffs exempt from the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. In the alternative, plaintiffs requested the court enter a final judgment on the exemption determinations, including an express determination that there is no just reason for delaying the entry of such judgment. The court denies plaintiffs' motion to vacate and grants plaintiffs' unopposed motion to enter a final judgment on the exemption determinations. The court finds vacatur to be inappropriate; however, the alternative motion to enter final judgment pursuant to Rule 54(b) is granted.

## BACKGROUND

On October 30, 1992, this court issued an order addressing cross motions for partial summary judgment in a consolidated action brought by approximately 14,000 individuals throughout several federal agencies, seeking overtime compensation pursuant to the FLSA. Plaintiffs are GS–9 through GS–13 criminal investigators working in various federal agencies.[1] Plaintiffs argue that their

---

1. The federal agencies include: the Bureau of Alcohol, Tobacco and Firearms, the Drug En-

forcement Administration, the Internal Revenue

positions were erroneously classified as administrative, thus barring them from overtime compensation under the FLSA. Applying a jointly stipulated set of facts to the Office of Personnel Management (OPM) standards addressing the FLSA, the court determined that certain plaintiffs were entitled to receive overtime compensation ("non-exempt") [2] while others were not ("exempt").[3]

Plaintiffs filed for reconsideration of the October 30, 1992 order that granted in part and denied in part the parties' cross motions for partial summary judgment. On December 11, 1992, the court denied plaintiffs' motion for reconsideration. Those plaintiffs who were held to be non-exempt have since settled their claims. However, alternative dispute resolution (ADR) proceedings have not conclusively resolved the claims of the exempt, and other, plaintiffs.

## DISCUSSION

### I. Motion to Vacate

Plaintiffs assert that the court is entitled to modify or vacate its orders where "an intervening change in the controlling law [has] occurred." *Mega Constr. Co. v. United States*, 29 Fed.Cl. 396, 405 (1993). Plaintiffs base the motion to vacate the above-mentioned orders on the Federal Circuit's decision in *Berg v. Newman*, 982 F.2d 500 (Fed. Cir.1992). The *Berg* court stated that in determinations of administrative exemptions "a trial court must have before it sufficient facts concerning the daily activities of that position to justify its legal conclusion." *Id.* at 503. Plaintiffs argue that the court issued its orders in reliance on general position descriptions found in the joint stipulation of facts, rather than specific facts about plaintiffs' daily activities. Because *Berg* was decided after this court issued its exemption determinations, plaintiffs argue that the *Berg* court's holding is an intervening change in

the controlling law, and that in light of *Berg*, the court's orders should be vacated.

■ Defendant opposes plaintiffs' motion to vacate, arguing that *Berg* is distinguishable from the present case. The court agrees. Here, the position descriptions were jointly submitted by the parties for the express purpose of allowing the court to make its exemption determinations. By contrast, the facts of *Berg* did not involve any such joint stipulations, and thus no representations of fact concerning the positions were made. Through their joint stipulations and exhibits, the parties in the present case represented that the submissions would be sufficient for adjudication of whether the positions were entitled to exemption.

■ In addition, the doctrine of judicial estoppel precludes plaintiffs from now maintaining that the court cannot decide the exemption issue based on the parties' stipulation of facts and joint exhibits. "The doctrine of judicial estoppel is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed." *Data General Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed.Cir.1996). The purpose of the doctrine is to preserve "the integrity of judicial proceedings by protecting against litigants who 'play fast and loose with the courts.'" *U.S. Philips Corp. v. Sears Roebuck & Co.*, 55 F.3d 592, 596 (Fed.Cir.) (citations omitted), *cert. denied*, —— U.S. ——, 116 S.Ct. 567, 672, 133 L.Ed.2d 492, 522 (1995). In the present case, the parties encouraged the court's reliance on information in the joint stipulation of facts and joint exhibits for its decision. Subsequent to the court's issuance of the orders, the parties settled the claims of plaintiffs found non-exempt, but could not reach settlement on the claims of the exempt plaintiffs. As a result, vacatur at this

---

Service, the United States Customs Service, and the United States Secret Service.

**2.** These plaintiffs, who were held to be covered by the overtime provisions of the FLSA, include the criminal investigators of the agencies listed above at grades GS–9, GS–11, and those GS–12 investigators at Customs.

**3.** Those plaintiffs exempt from the FLSA provisions include GS–12 and GS–13 criminal investigators at agencies listed above, but not including Customs.

juncture cannot harm those plaintiffs who benefitted from the court's rulings. The remaining plaintiffs, those held exempt, stand only to benefit from vacatur. Plaintiffs' interest in the litigation has been altered since the issuance of the orders. Plaintiffs cannot now attempt to reshape an already decided issue. Consequently, plaintiffs are estopped from complaining that the joint submissions are insufficient for the court to make its determination on the FLSA exemptions.

In *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660 (Fed.Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 498, 102 L.Ed.2d 534 (1988), the Federal Circuit held that judicial estoppel is not applicable where "there has been no judicial acceptance of the asserted inconsistent position . . ., there is no risk of inconsistent results, no effect on the integrity of the judicial process, and no perception that the court has been misled." *Id.* at 666. The *Water Technologies* factors are not applicable in the present case. The court issued its orders of October 30, and December 11, 1992, in reliance upon plaintiffs' position, whether express or implied, that the joint stipulation of facts and joint exhibits could be the basis for the court's summary judgment ruling. Thus, there was "judicial acceptance" of plaintiffs' position that the position descriptions and other facts were sufficient to determine the exemption issue. Moreover, there is a risk of inconsistent results if the orders are vacated because the parties entered into partial settlement agreements, based on the court's orders. Defendant has already paid plaintiffs more than $100 million based on those orders and fears inconsistency if the orders are vacated.[4] Defendant argues that vacatur would permit plaintiffs to enjoy the benefits of the court's orders, yet allow them to relitigate previously dismissed claims *de novo*, the standard of proof articulated in *Berg*. The court agrees and finds vacatur would also result in undermining judicial integrity due to a perception that the court has been misled.

Furthermore, it is unclear whether the court's orders require reconsideration in light of recent case law. Plaintiffs argue that the court should consider the recent Supreme Court decision in *Auer v. Robbins*, —— U.S. ——, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), which applies the "salary test" to public employees and would dictate that plaintiffs be categorized as non-exempt. This argument fails to recognize that the Department of Labor's regulations containing the salary test do not apply here; rather, this case is governed by the OPM regulations which do not contain the salary test. Moreover, the *Auer* court never mandated the adoption of the salary test by either the Department of Labor or OPM; it merely deferred to the discretion of the Secretary. *Id.* at —— – ——, 117 S.Ct. at 909–10.

Plaintiffs further allege that the court relied on the OPM-established "alternative primary duty test," which requires analysis of how plaintiffs' duties were actually performed, but that no factual support for the court's analysis existed in the record. This argument, however, merely reiterates arguments set forth in plaintiffs' motion for reconsideration filed on November 16, 1992, which the court denied in its order filed December 11, 1992.

Therefore, because both sides submitted a joint set of stipulated facts to the court and because the doctrine of judicial estoppel applies, plaintiffs' motion to vacate is denied.

## II. Motion to Enter Final Judgment Pursuant to Rule 54(b)

Alternatively, plaintiffs seek certification to appeal under Rule 54(b) of the Rules of the Court of Federal Claims (RCFC), arguing that the court's orders are final and there are no just reasons for delay. Defendant does not oppose this request. Rule 54(b) states, in part:

When more than one claim for relief is presented in an action, whether as a claim,

---

4. Plaintiffs counter that defendant was under no legal compulsion to settle, and the terms of the 1994 settlement preclude defendant from relying on them to support its judicial estoppel claim. They cite to terms of the settlement which state:

"This Agreement shall not be cited as precedent or referred to in this or any other proceeding for any purpose other than to enforce the terms of this settlement."

counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

RCFC 54(b); *see Cherokee Nation of Oklahoma v. United States,* 23 Cl.Ct. 735, 737 (1991).

The present case satisfies the requirements of Rule 54(b). The approximately 14,000 plaintiffs joined in this case are asserting multiple claims for relief that involve various federal pay statutes. Thus, multiple claims and parties are involved. In order to enter judgment pursuant to Rule 54(b), the court must next find no just reason for delay.

Plaintiffs bear the burden of showing hardship and injustice resulting from delay of immediate appellate review. *Cherokee Nation,* 23 Cl.Ct. at 738 (citing *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir.1978)). Pointing to the years already spent in ADR proceedings and the parties' difficulties in negotiating settlement, plaintiffs argue that there is no "just reason for delay" of an appeal. Plaintiffs assert that delaying appeal until the claims of all 14,000 plaintiffs have been litigated would do an injustice to those plaintiffs whose claims the court has already adjudicated. The plaintiffs affected by the orders have waited over four years for their opportunity to appeal the court's decisions. Permitting appeal will expedite the proceedings for them. The court agrees with plaintiffs and finds there is no just reason for delay.

The court's orders, filed October 30, and December 11, 1992, declared certain plaintiffs exempt from the FLSA and thus, were final dispositions of those claims on the merits. Defendant does not oppose plaintiffs' motion to certify these orders. For the foregoing reasons, the court finds no just reason for delaying entry of a final judgment on the exemption determinations pursuant to Rule 54(b).

### CONCLUSION

Accordingly, the court denies plaintiffs' motion to vacate but finds that plaintiffs fulfill the elements for entry of judgment pursuant to RCFC 54(b). Thus, in the interests of advancing the termination of litigation, the court grants plaintiffs' alternative request for final judgment and certification for appeal on the exemption determinations. The clerk shall enter appropriate judgment.

**IT IS SO ORDERED.**