Dear Judge LaDart:
This office is in receipt of your request for reconsideration of Atty. Gen. Op. 00-166 in regard to classification of Court Reporters under the Fair Labor Standards Act as professionals. It was concluded that a court reporter hired and supervised by a judge is not exempt from the Fair Labor Standards Act but must be paid time-and-a-half overtime wages for time worked over forty hours a week. You indicate court reporting requires specialized training and requires a prolonged course of specialized intellectual instruction and study, along with continuing education and does fall within the professional exemption of FLSA, and are personal staff of the judge that employs the court reporter.
We have no doubt that court reporting requires specialized training, but our previous conclusion that they were not exempt under the Fair Labor Standards Act was based upon the decision of the court in Braddockv. Madison County, 34 F. Supp.2d 1098 (S.D.Ind 1998). Therein plaintiffs were three court reporters and a bailiff, seeking relief under the FLSA overtime requirements, and the court held they were entitled to overtime. However, as you state, the issue was whether the Madison County Council exercised sufficient control so that it should also be treated as an employer, and the court found that evidence sufficient to hold the county liable as plaintiffs' employer. However, while it was not argued that the plaintiffs were exempt from overtime, we noted that the court did state:
 Because the county has been plaintiffs' employer, because no exemptions apply, and because plaintiffs have not been paid overtime compensation as required by the FLSA, plaintiffs are entitled to overtime compensation for hours worked in excess of 40 hours a week. (Emphasis added.)
In that decision the court relates that the duties of the three court reporters include "running audio recording equipment in court, keeping written records of court proceedings, filing and docketing papers filed in cases before the respective courts, and performing some secretarial duties for the judges of their respective courts, and they prepared transcripts on their own time for which they were separately compensated."
It was error to have concluded that the court reporters in theBraddock case by the mere classification as "court reporters" had the same qualification as those in the Louisiana court inasmuch as court reporters for Louisiana must pass a state examination to gain certification, whereas you point out Indiana's code and the Braddock case is void of their court reporters being certified.
In regard to exemption for those employed in an executive, administrative, or professional capacity, we find the observation of the court in Rutlin v. Prime Succession, Inc., 220 F.3d 737 (6th Cir. 2000) pertinent wherein it stated as follows:
 The FLSA requires an employer to compensate an employee who works over forty hours a week "at a rate of not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). There is an exemption from the overtime pay requirement, however, for those employed in a "bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1). This exemption is "narrowly construed against the employers seeking to assert [it]." Douglas, 113 F.3d at 70 * * * The employer bears the burden of proving that an employee fits into the exemption. The determination of whether a plaintiff is a professional is "intensely fact bound and case specific." Bohn v. Park City Group, Inc., 94 F.3d 1457, 1461 (10th Cir. 1996).
In the Rutlin case the court pointed out that Secretary of Labor defines the test in implementing the regulation, and the short test is as follows:
 1) it paid Rutlin on a salary or fee basis;
 2) Rutlin's work required "knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes," * * *;
 3) Rutlin's job duties required him to customarily and regularly exercise discretion and independent judgment.
As stated above, the determination of whether a party is a professional is "fact bound and case specific", and this office will not make factual determinations. However, as observed in Dalheim. v. KDFW-TV, 918 F.2d 1220
(5th Cir 1990), the conclusion of whether an employee is exempt, "though based on both historical fact and factual inferences, is properly characterized as a conclusion of law * * *."
An argument can be made that a court reporter, who is salaried and certified, has knowledge of an advanced type in a field of learning acquired by a prolonged course of specialized instruction and study as distinguished from a general academic education. However, as stated above we cannot make a factual determination as to the requirement of a court reporter to exercise discretion and independent judgment in performing the required job.
As noted by the Court in Berg v. Newman, 982 F.2d 500 (Fed. Cir. 1992), the employee's day-to-day work must satisfy each of the three major regulatory touchstones, and "to determine whether a position fits within the exemption, a trial court must have before it sufficient facts concerning the daily activities of that position to justify its legal conclusion." It was noted therein that a certain group of employees did not fit the administrative exemptions where employees in occupations requiring highly specialized technical skills and knowledge that can be acquired only through prolonged job training and experience unless such employees are performing predominantly administrative functions rather than the technical work of the occupation. It was observed, "At the outset, appellants' technical expertise alone does not place them within the administrative exemption. * * * Beyond technical expertise, the exemption requires day-to-day duties with other characteristics, such assignificant managerial functions and frequent exercise of independentjudgment." In this regard it was stated, "To determine whether a position fits within the exemption, a trial court must have before it sufficient facts concerning the daily activities of that position to justify its legal conclusion."
Thus, a salaried court reporter must have technical skills accompanied by significant managerial functions, exercise of discretion and independent judgment to qualify as a professional capacity. While there is no doubt as to the prolonged study to acquire the necessary technical skill for a court reporter, we would have to assume the position additionally requires the day-to-day exercise of discretion and independent judgment inasmuch as we do not have sufficient facts on this issue to reach a conclusion of law.
However, we do note that in 29 U.S.C. § 203(e)(2)(C) in setting forth definitions for the Fair Labor Standards Act for the term "employee" to mean "in the case of an individual employed by a public agency such term means — * * * any individual employed by a political subdivision of a State other than such an individual — * * * (ii) who — (I) holds a public elective office of that State, political subdivision, or agency, (II) is selected by the holder of such an office to be a member of his personal staff."
We note that in the recent decision, Lumar v. St. John the BaptistParish, 2002 WL 500477, the United States District Court for the Eastern District of Louisiana found Family and Medical Leave Act (FMLA) was the same as FLSA in holding the definition of employee excepted an individual selected by the holder of a public office of a political subdivision of a State to be a member of his personal staff in USCA 203(e)(2)(C) and was not entitled to protection of the provision.
Whether the court reporter hired by each judge pursuant to the provisions of R.S. 13:367 is a member of the judge's personal staff, and excepted from the provisions of FLSA may be correct, we feel guidance should be sought from the United States Department of Labor on the question.
We hope this reconsideration provides sufficient guidance for you to determine whether court reporters for the Judges of the 24th Judicial District should be exempt under the Fair Labor Standards Act, or that a determination be obtained from the United States Department of Labor with regard to the issue of whether the court reporters for the 24th Judicial District Court are exempt under the Act.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: July 16, 2002