Mark G. ABBEY, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 07–272 C.

United States Court of Federal Claims.

Oct. 27, 2011.

Gregory K. McGillivary, Washington, DC, for plaintiffs.

Hillary A. Stern, with whom were Tony West, Assistant Attorney General, Jeanne M. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant.

*OPINION AND ORDER*

HEWITT, Chief Judge.

## I. Background

This is an action concerning overtime pay as provided for by the Fair Labor Standards Act (the FLSA), 29 U.S.C. §§ 201–219 (2006), brought by Mark G. Abbey, et al. (plaintiffs). Before the court is the Parties' Joint Motion for RCFC 54(b) Certification of Certain Plaintiffs' Claims (Joint Motion or Jt. Mot.), filed Sept. 13, 2011, Docket Number (Dkt. No.) 195.

Plaintiffs are Traffic Management Coordinators and Air Traffic Control Specialists, currently or formerly employed by the Federal Aviation Administration. *Abbey v. United States (Abbey II)*, 99 Fed.Cl. 430, 434 (2011). Plaintiffs brought four claims alleging violations of the Fair Labor Standards Act (FLSA). *Id.* In Count I, plaintiffs claimed that defendant failed properly to compute their rate of overtime pay. *Id.* In Count II, plaintiffs claimed that defendant violated the FLSA by compensating plaintiffs with compensatory time or credit hours instead of paying them overtime compensation as required by the FLSA. *Id.* In Count III, plaintiffs claimed that defendant failed to compensate them for pre- and post-shift activities. *Id.* In Count IV, plaintiffs contended that defendant failed to compensate them for the off-duty time they spent bidding on work schedules and leave. *Id.*

In *Abbey v. United States (Abbey I)*, 82 Fed.Cl. 722 (2008), the court granted summary judgment to plaintiffs with regard to Count II of the Complaint "[b]ecause defendant's payment of hour-for-hour compensatory time and credit hours violates the FLSA requirement that overtime compensation be paid at 'one and one-half times' the employee's regular rate of pay," *id.* at 745. In *Abbey II*, the court granted partial summary judgment to plaintiffs with regard to Count I of the Complaint, concluding that Organizational Success Increase, Retention Incentive and Superior Contribution Increase payments must be included in computing the regular rate of pay. *Abbey II*, 99 Fed.Cl. at 439–40, 448–49, 450–52. With respect to Count III, the court concluded that there

were genuine issues of material fact that precluded the entry of summary judgment, *id.* at 456–57, and, with respect to Count IV, the court granted summary judgment to defendant, concluding that plaintiffs were not entitled to compensation for time spent bidding on work schedules and vacation leave, *id.* at 460–61.

## II. Legal Standards

### A. Certification Under RCFC 54(b)

■■■ Rule 54(b) of the Rules of the United States Court of Federal Claims (RCFC) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

RCFC 54(b).[1] In deciding a motion for certification under Rule 54(b), the court must make both a determination of finality and a determination that there exists no just reason for delay. *Samish Indian Nation v. United States (Samish)*, 85 Fed.Cl. 525, 528–29 (2009). With regard to finality, the court must determine whether there exists a "cognizable claim for relief" that ultimately disposes of " 'an individual claim entered in the course of a multiple claims action.' " *Curtiss–Wright Corp. v. Gen. Elec. Co. (Curtiss–Wright)*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey (Sears, Roebuck)*, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). In other words, for a decision to be final, there must be an individual or separable claim or party and the court must have made a ruling on that claim that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' "

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc. (W.L.Gore)*, 975 F.2d 858, 863 (Fed.Cir.1992) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)); 10 James Wm. Moore et al., *Moore's Federal Practice* ¶ 54.22[1] (3d ed. 2004) ("Accordingly, before Rule 54(b) may be validly applied, there must be at least two claims for relief presented by the action, whether the claims are those of one or more plaintiffs or are presented by a defendant by way of counterclaim, cross-claim or third-party claim."). "The requirement of finality is a statutory mandate and not a matter of discretion." *W.L. Gore*, 975 F.2d at 862 (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976)); *accord Sears, Roebuck*, 351 U.S. at 437, 76 S.Ct. 895 (noting that federal district courts cannot "treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291").

■■■ Even if the court finds that a claim is final, it must still determine whether it is appropriate to use its discretion to certify that there is no just reason for delay under Rule 54(b). *Favell v. United States*, 22 Cl. Ct. 132, 142 (1990) ("It is a well settled principle that under Section 54(b) of the Rules of the United States Claims Court that the 'determination' of whether a matter should be subject of an immediate appeal, is left to the sound discretion of the trial court . . . .") (citing *Brown v. United States*, 3 Cl. Ct. 409, 413 (1983)); Moore et al., *supra*, ¶ 54.22[2][c] ("Although the court has the power to enter a judgment finally disposing of the claims of one or more parties, it need not do so, and the court must act within its discretion in ordering judgment under the rule"). In determining whether there is no just reason for delay, the court "must take into account judicial administrative interests as well as the equities involved" and may consider "whether the claims under review

---

**1.** The Rules of the United States Court of Federal Claims (RCFC) generally mirror the Federal Rules of Civil Procedure (FRCP). *See* RCFC, 2002 Rules Committee Notes at 1 ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure."); *Samish Indian Nation v. United States*, 85 Fed.Cl. 525, 528 (2009) ("[RCFC 54(b) ] is substantially the same as Rule 54(b) of the Federal Rules of Civil Procedure; accordingly, the court's analysis is guided by the case law construing both the federal rule and RCFC 54(b)." (footnote omitted)). Therefore, this court relies on cases interpreting FRCP 54(b) as well as those interpreting RCFC 54(b).

were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460. "[A] bare recitation of the 'no just reason for delay' standard of Rule 54(b) is not sufficient, by itself, to properly certify an issue for immediate appeal." *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed.Cir.2008) (citations omitted). Instead, the court must find "'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Brunswick Corp. v. Sheridan (Brunswick)*, 582 F.2d 175, 183 (2d Cir.1978) (quoting *W. Geophysical Co. v. Bolt Assocs., Inc.*, 463 F.2d 101, 103 (2d Cir. 1972)).

## III. Discussion

In their Joint Motion, the parties request "the Court to direct final judgment for five plaintiffs' whose claims have now been fully litigated, whose damage amounts have been stipulated to by defendant and plaintiffs, and for whom there is no just reason for delay." Jt. Mot. 1. The five plaintiffs at issue [Joint Motion Plaintiffs] sought relief only under Counts I and II of the Complaint. *Id.* at 2–3. The court has already determined liability for Counts I and II of plaintiffs' Complaint. *Id.* at 3; *see Abbey I*, 82 Fed.Cl. at 745 (granting summary judgment to plaintiffs with respect to Count II); *Abbey II*, 99 Fed.Cl. at 461 (granting-in-part and denying-in-part summary judgment to plaintiffs with respect to Count I). The parties have stipulated to damages regarding the Joint Motion Plaintiffs "for the express purpose of allowing them to appeal the court's rulings on liability" and urge the court to find no just reason for delay and enter judgment under Rule 54(b). Jt. Mot. 1. The Joint Motion Plaintiffs do not seek compensation under Counts III and IV, which deal, respectively, with compensation for pre- and post-shift activities at non–24–hour facilities and bidding on work schedules or leave while off-duty. *Id.* at 2–3.

The court declines to exercise its discretion to certify that there is no just reason for delay and DENIES the parties' Joint Motion for the following reasons.

### A. Selected Plaintiffs' Claims for Relief Are Final Claims for RCFC 54(b) Purposes

█ The Joint Motion Plaintiffs for whom the parties seek Rule 54(b) certification have stated individual claims for relief that have been fully litigated and determined by the court. In determining finality, the court must determine both that there are individual, separable claims for relief (whether in the context of multiple claims or multiple parties) and that its ruling on those individual claims for relief is final such that the court has nothing more to do as to those claims or parties but to enter judgment. First, the Joint Motion Plaintiffs' claims are individual claims asserted in the course of a multi-party action. Rule 54(b) may be applied not only when "an action presents more than one claim for relief" but also "when multiple parties are involved." RCFC 54(b). Because there are multiple plaintiffs involved in this litigation, and because the Joint Motion Plaintiffs each assert an individual claim against the government for relief, this threshold requirement of Rule 54(b) finality is met.

In addition, the Joint Motion Plaintiffs' claims have been fully litigated and there is nothing more for the court to do but execute the judgment. *See W.L. Gore*, 975 F.2d at 863. The Joint Motion Plaintiffs state claims only under Counts I and II of the Complaint, which concern calculation of overtime pay and appropriate compensation for overtime. Jt. Mot. 3; *see Abbey II*, 99 Fed.Cl. at 434–35 (describing plaintiffs' Counts). The issue of liability on these Counts was finally determined in *Abbey I*, 82 Fed.Cl. at 745 ("Because defendant's payment of hour-for-hour compensatory time and credit hours violates the FLSA requirement that overtime compensation be paid at 'one and one-half times' the employee's regular rate of pay ... plaintiffs' motion for summary judgment with respect to Count II is granted."), and *Abbey II*, 99 Fed.Cl. at 461 ("[D]efendant's Motion is

GRANTED–IN–PART and DENIED–IN–PART and plaintiffs' Motion is GRANTED–IN–PART and DENIED–IN–PART with respect to Count I...."). The parties have now stipulated to damages for the Joint Motion Plaintiffs. Jt. Mot. 1, 3. Therefore, this " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment' " with regard to the Joint Motion Plaintiffs. *See W.L. Gore*, 975 F.2d at 863 (quoting *Catlin*, 324 U.S. at 233, 65 S.Ct. 631).

B. The Judicial Administrative Interest and the Equities Preclude Entry of Final Judgment Pursuant to RCFC 54(b)

■ Although the court finds that the Joint Motion Plaintiffs' claims are final and that entry of judgment under Rule 54(b) would be proper because these plaintiffs are participating in a multi-party lawsuit, *see supra* Part III.A, the court declines to exercise its discretion to certify its previous orders for partial final judgment under Rule 54(b). Both the judicial administrative interest and the equities weigh in favor of a decision not to grant partial final judgment. *See Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460.

The court finds that the judicial administrative interest supports a decision not to certify the Joint Motion Plaintiffs' claims under RCFC 54(b). The court cannot ignore the possibility that the United States Court of Appeals for the Federal Circuit (Federal Circuit) would be faced with piecemeal litigation in this case if the court were to certify the Joint Motion Plaintiffs' claims for immediate appeal. *See Samish*, 85 Fed.Cl. at 529 (noting that a court should consider "whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals") (citing, *inter alia, Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460; *Sears, Roebuck*, 351 U.S. at 438, 76 S.Ct. 895 (noting "the historic federal policy against piecemeal appeals")). The parties represent that the Joint Motion

Plaintiffs' "claims are limited to those claims asserted in Count II of plaintiffs' [C]omplaint ... and to the claims asserted in Count I." Jt. Mot. 3. Although the Joint Motion Plaintiffs do not have claims under Counts III and IV, other plaintiffs could have claims under all four counts of the Complaint. Moreover, the parties make no representation regarding whether there are additional plaintiffs who may also have claims only under Counts I and II for whom counsel did not seek certification. *See id. passim.* In either case, the remaining plaintiffs may choose to appeal at a later date, creating a possibility that the Federal Circuit would be faced with the question of defendant's liability on Counts I and II in multiple appeals.[2]

The court recognizes that there are other judicial administrative concerns that might favor certification for partial judgment. For instance, the parties have agreed to discuss the possibility of settling Count III while the remainder of the action is stayed pending resolution of the appeal. *See* Pls.' Status Report on Behalf of the Parties Filed Pursuant to the Court's Order of July 28, 2011, Dkt. No. 196, at 1. Therefore, certification under Rule 54(b) might be viewed as facilitating settlement of the remaining claims and, if negotiations are successful, narrowing the issues for trial. *See Curtiss–Wright*, 446 U.S. at 8 n. 2, 100 S.Ct. 1460 (noting that even if duplicative litigation might result, certification may still be proper if the district court finds that "appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims"). Entry of judgment as to the Joint Motion Plaintiffs could also eliminate the need for trial of the Joint Motion Plaintiffs' damages. *See* Moore et al., *supra*, ¶ 54.23[1][b] (noting that the trial court may consider whether Rule 54(b) certification might facilitate settlement, confine the issues for trial or eliminate the necessity of trial). In this case, however, the possibilities for settlement and narrowing the issues are outweighed by the court's con-

2. There are over 7,000 plaintiffs participating in this litigation, and the court has been unable to determine from the parties' filings which plaintiffs have claims under which counts of the Com-

plaint. Accordingly, the court recognizes that the possibility that some plaintiffs have claims under all four Counts or under Counts I and II of plaintiffs' Complaint is hypothetical.

cerns regarding piecemeal litigation and the equitable considerations discussed below.

The equities do not favor certification. The parties have not shown any urgent or pressing issue presented by the Joint Motion Plaintiffs' claims that could not wait for resolution until liability as to Count III and damages as to Counts I–III are resolved. *See, e.g., Brown,* 3 Cl.Ct. at 413 (holding that plaintiff had shown no injustice that would result if appeal was delayed until the resolution of an additional count); *Brunswick,* 582 F.2d at 183 (stating that the court must find "some danger of hardship or injustice through delay which would be alleviated by immediate appeal" (internal quotations omitted)). The fact that the case has been before the court since 2007, Pls.' Complaint, filed May 1, 2007, suggests that little hardship to the Joint Motion Plaintiffs would result if they were required to wait to appeal until trial was had on Count III and damages, *see Favell,* 22 Cl.Ct. at 141–42 (finding in an income tax refund case that there was no urgent issue requiring immediate appeal in part because the case had been before the court for more than a decade).

This case is unlike *Adams v. United States,* in which the court held that delaying appeal until the claims of all 14,000 plaintiffs' claims were litigated would do an injustice to plaintiffs whose claims had already been fully adjudicated. 38 Fed.Cl. 572, 576 (1997). In an overtime pay case under the FLSA, the court determined that the plaintiffs had shown hardship because they had waited over four years to appeal the court's decisions due to time spent in ADR and in attempting to negotiate a settlement. *Id.* at 573, 576. No such unsuccessful attempts at ADR or settlement affect the Joint Motion Plaintiffs. The fact that the case has been before the court for several years does not require the conclusion that hardship or injustice would result from delaying appeal.

Another factor to consider in weighing the equities is whether a significant delay in justice will result if the court refuses to certify its order for appeal under RCFC 54(b). *See* Moore et al., *supra,* ¶ 54.23[1][b] (noting that "the court may consider any hardship or injustice to the claimant that might result from a delay in enforcement"). The court recognizes that denying the Joint Motion will result in some delay in justice with respect to the Joint Motion Plaintiffs whose claims have been fully litigated while Count III and damages are tried. During that period, neither the Joint Motion Plaintiffs nor defendant will have an opportunity to advance their case by seeking an immediate appeal under Rule 54(b). However, this is the ordinary progression of a case and should not be disturbed without a more robust justification than is offered by plaintiffs here. *See Brunswick,* 582 F.2d at 183.

There is also the potential for significant overlap between the Joint Motion Plaintiffs' claims under Counts I and II and the remaining plaintiffs' claims under Count III. *Cf. Samish,* 85 Fed.Cl. at 529 (noting that, in determining whether there is no just reason for delay, "[a] court may 'consider such factors as whether the claims under review were separable from the others remaining to be adjudicated' ") (quoting *Curtiss–Wright,* 446 U.S. at 8, 100 S.Ct. 1460; citing *Cold Metal Process v. United Eng'g & Foundry Co.,* 351 U.S. 445, 452, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); *Sears, Roebuck,* 351 U.S. at 438, 76 S.Ct. 895). The more closely connected a party's claims for certification are to the remaining claims, the less appropriate it is for the court to certify those claims for immediate appeal. *See Cold Metal Process,* 351 U.S. at 452, 76 S.Ct. 904 (1956) (noting that a court may consider "the relationship of the adjudicated claims to the unadjudicated claims" in determining whether there is any just reason for delay).

A decision to certify would require the Federal Circuit to rule on liability under Counts I and II, determining how overtime pay should be computed and whether the FAA can compensate plaintiffs with compensatory time or credits instead of overtime pay. If the remaining plaintiffs prevail at trial on Count III—that plaintiffs are entitled to overtime pay for pre- and post-shift activities—then the court must determine as to those plaintiffs: (1) whether the FAA could compensate them with compensatory time or credits; and (2) how much overtime pay they are due and under what formula should that

pay be calculated. In the foregoing scenario, the determinations under Counts I and II regarding how to compensate plaintiffs for those activities become immediately relevant to the claims of the remaining plaintiffs. This foreseeable possible overlap between claims indicates that Counts I and II are closely connected to Count III, and that the prudent course would be to preclude appeal until liability as to Count III and damages as to Counts I–III are determined at trial. Therefore, the court finds that the equities also support denying the Joint Motion.

## IV. Conclusion

Based on the foregoing, the parties' Joint Motion is DENIED.

IT IS SO ORDERED.