**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1763

KEITH NIEMIC,

Plaintiff, Appellant,

v.

STAN GALAS, ET AL.,

Defendants, Appellees,

_____

DAVID NOLAN, ET AL.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Keith Niemic on brief pro se.
James A. Bello, Lisa R. Wichter, and Morrison Mahoney LLP on
brief for appellees.

July 28, 2008

**Per Curiam**.  Appellant Keith Niemic, a Massachusetts inmate, filed this civil-rights action complaining of inadequate medical care, denial of court access, and other constitutional and state-law violations.  The twenty named defendants consist of twelve "corrections defendants," i.e., employees of the Department of Corrections, and eight "medical defendants," i.e., employees of UMass Correctional Health ("UMCH"), which is the entity engaged to provide medical care to inmates.  When the medical defendants moved for summary judgment, Niemic sought a continuance under Fed. R. Civ. P. 56(f), explaining that he lacked information needed to file an opposition.  The district court denied that request and granted summary judgment.  With the claims against the corrections defendants still pending, the court then agreed, at the medical defendants' behest, to enter a separate and final judgment under Fed. R. Civ. P. 54(b).  Niemic now appeals from this ruling. Having satisfied ourselves that the case is properly before us, we affirm.

Although neither party has questioned the Rule 54(b) determination, "we are duty bound to take it up sua sponte" since the issue "implicates the scope of our appellate jurisdiction." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988).  Rule 54(b) permits a district court, in cases involving multiple claims or parties, to direct entry of a final judgment "as to one or more, but fewer than all, claims or parties" if it

-2-

"expressly determines that there is no just reason for delay." Review of such a certification comprises two steps. We first ask "whether the judgment has the requisite aspects of finality." Id. The answer to that question is not in doubt here, since the judgment dismissed all claims against the medical defendants. We then scrutinize the determination that there is no just reason for delay. In doing so, we examine "the sufficiency of the district court's assessments of (1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996).

At our request, the district court provided a written explanation for its Rule 54(b) determination. It there cited the need to protect the medical defendants from "unnecessary cost and apprehension," noting that the case against the other defendants would likely "continue indefinitely" since they had not yet filed dispositive motions. Absent from this discussion, however, was any consideration of the interrelationship between the dismissed and pending claims. While this omission reduces the degree of deference owed to the court's explanation, see, e.g., Spiegel, 843 F.2d at 43-44, our independent review reveals only minimal overlap between the two sets of claims. As narrowed on appeal, the accusations against the medical defendants are largely confined to

-3-

claims under the Eighth Amendment--to the effect that the treatment of Niemic's migraine headaches and hepatitis C was so deficient as to amount to deliberate indifference. These claims carry a significant potential for overlap with the allegations against only one of the corrections defendants: Susan Martin, the department's director of health services. Of the charges against her, the most noteworthy in this regard is that she, along with several other supervisors, approved flawed medical decisions concerning the treatment of Niemic's migraines; such conduct allegedly contributed to the persistence of his migraine pain and thereby played a role in the cessation of his hepatitis C treatment. Yet in the pertinent count of the complaint, the only specific reference to these events is a charge, brought against Martin and six other defendants, focusing on "the delay and denial of access to ... a neurologist."

We find that the claims against Martin are not so intertwined with the adjudicated claims as to invalidate the Rule 54(b) certification. It is unlikely that this court will be "confronted in successive appeals with common issues of law or fact, to the detriment of judicial efficiency." Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir. 1993). Moreover, the judgment here jettisoned certain parties, rather than certain claims, from the case. Cf. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 579-81 (1st Cir. 1994) (upholding certification in former context);

-4-

<u>Feinstein</u> v. <u>Resolution Trust Corp.</u>, 942 F.2d 34, 39-40 (1st Cir. 1991) (same).  And while it is difficult to say that there is a "pressing, exceptional need for immediate intervention" here, <u>id.</u> at 45, the district court's concern about "unnecessary cost and apprehension" is a permissible consideration, <u>see</u>, <u>e.g.</u>, <u>McKibben</u> v. <u>Chubb</u>, 840 F.2d 1525, 1528 n.5 (10th Cir. 1988).  Although we find this a close case, we allow the Rule 54(b) determination to stand.

The merits of the appeal do not require extended analysis.  On the basis of the extant record, an award of summary judgment for the medical defendants was plainly justified.  Niemic advances a two-pronged Eighth Amendment challenge.  First, he contends that defendants inadequately treated his migraines and thereby effectively caused him to terminate his hepatitis C treatment (since the side-effects thereof aggravated the migraine pain).  Yet it is undisputed that, over a span of two and one-half years, some 21 different medications were prescribed in an effort to address Niemic's headaches.  Far from acting in "wanton disregard" of his rights, <u>DesRosiers</u> v. <u>Moran</u>, 949 F.2d 15, 18 (1st Cir. 1991), the medical defendants were "responsive to [Niemic's] complaints, expended substantial resources trying to get to the root of his problem, and adopted other measures in an effort to alleviate his discomfort," <u>Feeney</u> v. <u>Corr. Med. Servs., Inc.</u>, 464 F.3d 158, 162-63 (1st Cir. 2006), <u>cert. denied</u>, 128 S. Ct. 105

-5-

(2007). Niemic's chief remonstrance appears to be directed at defendants' refusal to continue him on a narcotic with which he was initially treated. Yet "disagreement as to the appropriate course of treatment ... [is] insufficient to prove a constitutional violation." Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007).

Second, Niemic questions the decision to discontinue the hepatitis C treatment because of his suspected drug use. The record establishes that defendants' "common practice" is to require that patients abstain from the use of illegal substances for one year prior to receiving such treatment. Niemic provides no basis to question the medical justification for this practice; indeed, the (Mason) affidavit on which he relies supports such an approach.

Niemic's cursory challenge to the finding of substance abuse also falls short, especially since the urinalysis lab report confirmed the presence of cocaine and morphine. On appeal, Niemic relies on a 1987 state court document addressing urinalysis testing, but he did not do so below and, in any event, has not explained its relevance.

Niemic's principal objection to the summary judgment motion in the district court was based not on the merits but, rather, on Fed. R. Civ. P. 56(f)--the "procedural escape hatch for a party who genuinely requires additional time to marshal facts essential to justify [his] opposition." Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988)

(internal quotation marks omitted).  On appeal, however, he has offered no sustained argumentation in support of this issue and, thus, has forfeited it.  See, e.g., United States v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007).

Even were we to consider the matter, Niemic would fall short.  A party seeking to invoke Rule 56(f) must establish

> (i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).  Also required is a demonstration of "due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter."  Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).  As Niemic has failed to satisfy several of these criteria, the denial of Rule 56(f) relief cannot be deemed an abuse of discretion.  We explain briefly.

Niemic cited three justifications for a postponement: difficulty in accessing his legal papers; delayed access to medical records; and a "ransacking" of his prison cell.  The first, he explained, was mainly due to his movement between prisons.  As to the second, Niemic complained generally about requests for medical records or copies thereof being denied.  And the prison-cell

-7-

incident, which occurred in his absence shortly after the summary judgment motion arrived, allegedly resulted in his papers being strewn about and several discovery requests going missing.

These reasons prove inadequate. For one thing, Niemic acknowledged gaining access to all of his legal materials two and one-half months before the summary judgment motion was filed. For another, he not only failed to describe what medical records were allegedly withheld from him but, more important, failed to document that any actually were withheld. The summary judgment motion itself was accompanied by over 300 pages of medical records, which Niemic has never described as being incomplete. As to the alleged ransacking, Niemic did not explain why any missing discovery requests could not have been promptly redrafted and served. Moreover, the grievance he filed in connection with that incident only complained of missing jewelry, not missing papers.

More generally, Niemic never explained in his Rule 56(f) filings what additional facts likely existed or how they would be material. Nor did he attempt to do so thereafter. It is noteworthy that, in the wake of the summary judgment ruling, he asserted several times that he finally had gained complete access "to his own (long sought) medical and legal records" and that, based thereon, a genuine issue of material fact "could easily be shown." But he never endeavored to make such a showing, either below or on appeal.

In a final argument, Niemic faults the district court for not advising him of the Rule 56 requirements, particularly "the necessity of filing affidavits." Yet a court is under no duty to tutor a pro se litigant. Moreover, Niemic's professed ignorance is belied by the record. Approximately six months before the summary judgment motion was filed (and twelve months before it was decided), he submitted a document citing Rule 56(f) and stating that, because of incomplete discovery, he was not then in a position to "submit[] the necessary affidavits or other evidence to oppose" a summary judgment motion.

Affirmed.