Caroline DeLIA, Plaintiff,

v.

**VERIZON COMMUNICATIONS, INC.,** Verizon Directories Services,—East, Inc., n/k/a/ Idearc Media Services, Inc., and Malvern Smallwood, Defendants.

Civil Action No. 08–10054–NMG.

United States District Court, D. Massachusetts.

Jan. 27, 2010.

---

Kristin A. Hartman, John A. Kiernan, Bonner, Kiernan, Trebach & Crociata, Boston, MA, for Plaintiff.

Timothy F. Stark, Stark & Shimer LLC, Andover, MA, for Defendants.

### MEMORANDUM & ORDER

GORTON, J.

The United States Court of Appeals for the First Circuit has remanded an appeal of this Court's partial judgment entered pursuant to Fed.R.Civ.P. 54(b) on November 10, 2009, (Docket No. 64) for a statement of reasons in support of that entry. In accordance with the Court of Appeal's request, this Court now articulates the factors it considered and its reasoning in granting the Rule 54(b) certification.

### I. *Background*

Plaintiff Caroline DeLia ("DeLia") filed the instant action in January, 2008, claiming she was constructively discharged from her job at Idearc Media Services, Inc. ("Idearc"), a wholly-owned subsidiary of Verizon Communications, Inc. ("Verizon"), due to the alleged inappropriate conduct of her supervisor, Malvern Smallwood ("Smallwood"). In December, 2008, Verizon moved for summary judgment on the grounds that Verizon is not DeLia's employer but merely Idearc's parent corporation, four times removed. On September 15, 2009, the Court allowed Verizon's motion for summary judgment on all counts of Plaintiff's Third Amended Complaint, holding, on the undisputed facts, that Verizon was not DeLia's employer and therefore cannot be held liable for any of the acts or omissions she alleges. The case is currently stayed with respect to defendant Idearc (which has filed a voluntary petition for bankruptcy) but will proceed against defendant Smallwood.

Following entry of the Court's order allowing summary judgment, Verizon filed a motion for entry of separate and final judgment pursuant to Fed.R.Civ.P. 54(b). The Court allowed that motion by endorsement on November 9, 2009, and entered a separate and final judgment in favor of Verizon on the next day. DeLia subsequently appealed this Court's entry of final partial judgment to the First Circuit. This Court now furnishes its reasons for entering final judgment in Verizon's favor in response to the Court of Appeal's request.

### II. *Statement of Reasons*

### A. **Legal Standard**

██ Rule 54(b) permits a district court, in a multi-party action, to direct entry of final judgment "as to one or more but fewer than all" of the parties if it "expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). In determining whether to enter final judgment in favor of a defendant, the Court shall consider the following factors: 1) whether the judgment has the requisite aspects of finality (i.e., whether any claims remain against that defendant), 2) whether there is a sub-

stantial interrelationship or overlap among the various factual issues involved in the dismissed and pending claims and 3) whether there are any equities or efficiencies implicated by the defendant's motion (i.e., whether entering final judgment will impede judicial economy or create piecemeal appellate review). See *Niemic v. Galas et al.*, 286 Fed.Appx. 738, 739 (1st Cir.2008); *Credit Francais Intern., S.A. v. Bio–Vita, Ltd.*, 78 F.3d 698, 706 (1st. Cir. 1996).

## B. Application

■ Each of the above factors weighs in favor of entering final judgment in favor of Verizon. First, the Court has entered summary judgment on all of Plaintiff's counts against Verizon, leaving no remaining claims against it. Second, there is no substantial relationship between the issues to be decided on appeal and those remaining for trial. An appeal with respect to the Court's summary judgment ruling will be limited to: 1) whether Plaintiff presented sufficient evidence to overcome the facts presented by Verizon demonstrating the lack of an employment relationship between Verizon and Plaintiff and 2) whether the material facts were sufficient to support Plaintiff's veil-piercing theory. Those issues are not relevant to Plaintiff's sexual harassment and discrimination claims against Smallwood which apparently involve factual disputes concerning Smallwood's alleged actions and Plaintiff's alleged injury and damages.

Finally, entry of final judgment in favor of Verizon does not impede judicial economy or cause prejudice to DeLia. To the contrary, it is Verizon who be prejudiced if it is forced to wait until final judgment is entered on the claims against Smallwood (or Idearc, in the event that corporation emerges from bankruptcy or the stay is lifted) when the Court has already determined that there is no legal basis for liability as to Verizon.

## ORDER

In compliance with the Remand Order of the United States Court of Appeals for the First Circuit dated January 25, 2010, the foregoing statement of reasons is hereby entered in support of this Court's Separate and Final Judgment entered November 10, 2009.

So ordered.