Evelyn **RAMIREZ–LLUVERAS,** et al., Plaintiffs,

v.

Javier **PAGAN–CRUZ,** et al., Defendants.

**Civil No. 08–1486 (FAB).**

United States District Court, D. Puerto Rico.

Jan. 12, 2012.

Memorandum Denying Reconsideration Jan. 20, 2012.

Judith Berkan, Mary Jo Mendez–Vilella, Berkan & Mendez, San Juan, PR, for Plaintiffs.

Eliezer Alberto Aldarondo–Lopez, Michael C. McCall, Simone Cataldi–Malpica, Aldarondo & Lopez Bras, PSC, Michael S. Corona–Munoz, Damaris Delgado–Vega, Guaynabo, PR, Pedro J. Landrau–Lopez, San Juan, PR, Carlos E. Cardona–Fernandez, Carolina, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiffs' motion, filed pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") requesting the entry of a final judgment with respect to their claims against the supervisory defendants. (Docket No. 339.) For the reasons set forth below, the Court **DENIES** plaintiffs' motion.

## I. Procedural History

Miguel Caceres' wife, Evelyn Ramirez–Lluveras, and their three children, Jenitza Caceres, MC and MAC (collectively, the "plaintiffs") filed an amended complaint on behalf of themselves and Caceres against several field officers in the Puerto Rico Police Department ("PRPD"), Javier Pagan–Cruz ("Pagan"), Carlos Sustache–Sustache ("Sustache"), Zulma Diaz ("Diaz") (collectively, the "field officers") and several PRPD supervisors, "Juan Colon–Baez" ("Colon"), Rafael Figueroa–Solis ("Figueroa"), Victor Cruz–Sanchez ("Cruz"), Edwin Rivera–Merced ("Rivera") and Pedro Toledo–Davila ("Toledo") (collectively, the "supervisory defendants"). (Docket No. 64.) Plaintiffs brought suit pursuant to 42 U.S.C. § 1983 ("section 1983") and article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31, § 5141 ("article 1802"). *Id.* Plaintiffs alleged that their rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution were violated when Caceres was forced to the ground by the field officers and eventually shot and killed by Pagan in the Punta Santiago sector of Humacao, Puerto Rico. *Id.*

In an opinion and order dated October 3, 2011, 833 F.Supp.2d 151 (D.P.R.2011), the Court dismissed all claims against the supervisory defendants except for plaintiffs' Fourth Amendment claim brought in their representative capacities. (Docket No. 332.) On December 22, 2011, the Court granted the supervisory defendants' mo-

tion for summary judgment and dismissed plaintiffs' Fourth Amendment claim pursuant to section 1983 and their article 1802 claim against the supervisory defendants. (Docket No. 338.) On December 24, 2011 plaintiffs moved the Court, pursuant to Rule 54(b), to enter a final judgment regarding their claims against the supervisory defendants. (Docket No. 339.) The supervisory defendants responded on January 9, 2012. (Docket No. 342.)

## II. Discussion

■■■■ The First Circuit Court of Appeals has a policy against the piecemeal disposition of a case. *Credit Français Int'l, S.A. v. Bio–Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir.1996) (quoting *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 487 (1st Cir. 1993)). Accordingly, the general rule is that a trial court must enter a final judgment as a necessary precursor to an appeal. *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir.2003) (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir.1988); 28 U.S.C. § 1291). Rule 54(b) provides an exception to the general rule: a trial court may enter a partial final judgment as to some, but not all claims in a multi-claim or multi-party action.[1] *Id.; Niemic v. Galas*, 286 Fed.Appx. 738, 739 (1st Cir.2008) (quoting Rule 54(b)); *Fiorentino v. Rio Mar Assoc. LP, SE*, 626 F.3d 648, 653 (1st Cir.2010).

■■■ A court may not enter a partial final judgment under Rule 54(b), however, without reflection. *Gonzalez–Figueroa v.*

---

1. Rule 54(b) provides as follows:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for

delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*J.C. Penney P.R., Inc.*, 568 F.3d 313, 318 (1st Cir.2009) ("A Rule 54(b) certification should not be made available simply because a party requests it.") Rather, a court may only do so after analyzing (1) whether the ruling in question is final, and (2) whether there is no persuasive reason for the delay. *Id.* at 318; *Spiegel*, 843 F.2d at 43; *See also Niemic*, 286 Fed. Appx. at 739; *Credit Francais*, 78 F.3d 698. The first element is of no moment here because plaintiffs' claims against the supervisory defendants were terminated when the Court granted the supervisory defendants' motion for summary judgment. *Id.; Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 578 (1st Cir.1994); Docket No. 338. At issue is the second element, whether there is no persuasive reason for delay.

■■■ To determine whether there is a persuasive reason for delay, a court balances the following: (1) the interrelationship or overlap among the various legal

and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review. *Niemic*, 286 Fed.Appx. at 739 (citing *Credit Francais*, 78 F.3d at 706 (1st Cir.1996)). Plaintiffs argue that their claims against the supervisory defendants and the field officers are separable and that the equities and efficiencies favor an immediate appeal of the dismissal of the claims against the supervisory defendants.[2] (Docket No. 339.) Considerations of judicial economy and the First Circuit Court of Appeals' policy against piecemeal appeals, however, outweighs the equities and efficiencies that plaintiffs raise. *See Maldonado–Denis*, 23 F.3d at 580–81.

### A. The Interrelationship and Overlap Among the Dismissed and Pending Claims

■■■ Plaintiffs argue that their claims against the supervisory defendants and the

---

2. Plaintiffs' motion includes a statement under penalty of perjury by Judith Berkan, plaintiffs' attorney (the "Berkan affidavit"). (Docket No. 339–1.) The Berkan affidavit sets forth facts concerning Caceres' death, describes the public attention paid to this case and outline this case's procedural history. *Id.* at 3–5. On summary judgment, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4). Berkan concedes that many of the statements included in the Berkan affidavit are not based on personal knowledge. (Docket No. 339 at ¶¶ 1.6–1.7.) Rather, Berkan states that her statements regarding the underlying facts of the case derive from the summary judgment record whereas references to government documents are "supported in the appropriate documentation." *Id.* at ¶¶ 1.6–1.7; *compare id.* at 1.8. Accordingly, the Court disregards the Berkan affidavit to the extent that it is not based on Berkan's personal knowledge. (*See e.g., id.* at ¶¶ 2.1–2.13, 3.4–3.7, 6.13–6.14.)

Similarly, plaintiffs' Rule 54(b) motion recounts the purported facts underlying their claims against the field officers and the supervisory defendants. *Id.* at 2–7. Plaintiffs also mention a United States Department of Justice report (the "DOJ report") that discusses Caceres' death. *Id.* at 11–13. The Court will not consider the purported facts or the DOJ report because Plaintiffs have not provided any citation to the record supporting their assertions. (The DOJ report was not part of the record presented to the Court at the summary judgment stage.) *See* Local Civ. R. 56 (requiring each party, at the summary judgment stage, to support their statements of fact with specific citations to the record). Moreover, plaintiffs' purported facts and the DOJ report are irrelevant to plaintiffs' Rule 54(b) motion. At issue is the interrelationship among plaintiffs' claims against the supervisory defendants and the field officers and whether there are any equities and efficiencies implicated by plaintiffs' motion. *Niemic*, 286 Fed.Appx. at 739 (citing *Credit Francais*, 78 F.3d at 706 (1st Cir.1996)). The purported facts and the DOJ report do not shed light on this analysis.

field officers are separable. (Docket No. 339 at 10.) The Court disagrees. Plaintiffs' claims against the supervisory defendants are closely intertwined with their claims against the field officers. *Id.*

Plaintiffs brought a section 1983 and article 1802 action against the field officers and the supervisory defendants. (Docket No. 64.) Plaintiffs claimed that the field officers violated Caceres' constitutional rights directly, whereas the supervisory defendants violated Caceres' rights under a theory of supervisory liability. *Id.* Under both theories, to establish liability against the field officers and the supervisory officers, the plaintiffs must establish that the field officers violated Caceres' constitutional rights. *Pineda v. Toomey,* 533 F.3d 50, 54 (1st Cir.2008); *Sanchez v. Alvarado,* 101 F.3d 223, 227 (1st Cir.1996); *Lipsett v. Univ. of P.R.,* 864 F.2d 881, 901–02 (1st Cir.1988). Thus, a finding that the field officers did not violate Caceres' rights would cause plaintiffs' appeal to become moot. *Maldonado–Denis,* 23 F.3d at 580 (stating that the district court's entering of a partial final judgment was "problematic" because the remaining claims had the potential of mooting the supervisory liability issue); *Mendez v. Toledo,* 968 F.Supp. 27, 36 (D.P.R.1997) ("if the subordinate did not violate plaintiff's constitutional rights, the supervisor cannot be held liable.").

Plaintiffs contend that the field officers' liability is separable from the supervisory defendants' liability because the supervisory defendants conceded the field officers' underlying liability. (Docket No. 339 at 10.) Plaintiffs correctly point out that the supervisory defendants admitted that the field officers violated Caceres' constitutional rights. (Docket No. 249 at 13; Docket No. 338 at 14–15.) The supervisory defendants only did so, however, for purposes of their motion for summary judgment. *Id.* Thus, plaintiffs' claim against the supervisory defendants remains subject to a finding that the field officers are liable for violating Caceres' constitutional rights.

*Maldonado–Denis,* 23 F.3d 576, is on all fours. In *Maldonado–Denis,* the plaintiffs brought a section 1983 action against various PRPD officers and supervisors. *Id.* at 579. The plaintiffs argued that the officers and supervisors violated the decedent's civil rights when the officers used excessive force. *Id.* The district court granted the supervisors' motion for summary judgment and entered a final judgment pursuant to Rule 54(b). *Id.* The plaintiffs' claims against the officers remained. The First Circuit Court of Appeals concluded, however, that there was "significant imbrication" between the plaintiffs' claims against the officers and the supervisors. *Id.* Here, like in *Maldonado–Denis,* plaintiffs brought suit, pursuant to section 1983, against various PRRD supervisors and field officers. Moreover, like in *Maldonado–Denis,* the Court dismissed plaintiffs' claims against the supervisory defendants, but claims against the field officers remained. (Docket No. 338.) Accordingly, here, as in *Maldonado–Denis,* plaintiffs' section 1983 claims against police supervisors are significantly intertwined with the underlying claims against subordinates.[3]

---

**3.** In *Maldonado–Denis,* the First Circuit Court of Appeals upheld the district court's entry of a final judgment pursuant to Rule 54(b). *Id.* at 580–81. The Court of Appeals reasoned that the district court's determination was proper because, *inter alia,* one of the defendants declared bankruptcy, triggering the automatic stay. *Id.* The Court of Appeals noted, however, that if they were "writing on a pristine page, [they] would have accorded greater weight to considerations of judicial economy and the importance of discouraging broadly piecemeal appeals ..." Here, unlike in *Maldonado–Denis,* the Court is given a pristine page, and is in position to follow the Court of Appeals' preference.

*Maldonado–Denis,* 23 F.3d at 580–81; *Mendez,* 968 F.Supp. at 39.

## B. Equities and Efficiencies Implicated by the Requested Piecemeal Review

■ Because plaintiffs' claims against the supervisory defendants and the field officers are significantly intertwined, plaintiffs must show that the equities and efficiencies implicated by the requested piecemeal review outweigh the "long-settled and prudential policy against the scattershot disposition of litigation." *See Quinn,* 325 F.3d at 26 (1st Cir.2003) (quoting *Spiegel,* 843 F.2d at 42). Plaintiffs argue that the Court should enter a partial final judgment under Rule 54(b) because: (1) it would alleviate the continued delay in resolving plaintiffs' claim; (2) it would assist ongoing efforts to settle plaintiffs' claim; and (3) the field officers are insolvent. (Docket No. 339 at 9–14.) Each argument will be discussed in turn.

Plaintiffs point out that they have already withstood years of litigation and delays. *Id.* at 9–10. Plaintiffs state that they have had to cope with losing a husband and father, face public questioning about the incident, and withstand public attention and police hostility. (Docket No. 339 at 10.) Plaintiffs also argue that the public interest would be served by an immediate appeal because the case has been "highly publicized" and closely followed by the public, the media, and the government. *Id.* at 10; *See Quinn,* 325 F.3d at 27 (holding that a substantial public interest may counsel granting a Rule 54(b) motion.) The Court notes, however, that an immediate appeal would do little, if anything, to alleviate plaintiffs' hardship. Even a favorable disposition on appeal would not be the end to the story: plaintiffs will still bear the burden of establishing that the field officers violated Caceres' constitutional rights for their claim against the supervisory officers to bear fruit. Thus, a partial final judgment under Rule 54(b) will neither cure the delays plaintiffs have already had to endure and may not cure future delays.[4]

■ Plaintiffs also argue that denying their Rule 54(b) motion would harm ongoing efforts to settle their claim. (Docket

---

4. Plaintiffs state that the supervisory defendants' tactics caused the case to last nearly four years. (Docket No. 339 at 14.) Even assuming, *arguendo,* the supervisory defendants caused the delays, the Court believes that a Rule 54(b) motion is not the proper vehicle for redress. As the Supreme Court summarized in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 62, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991):

A district court can punish contempt of its authority, including disobedience of its process, by fine or imprisonment, 18 U.S.C. § 401; award costs, expenses, and attorney's fees against attorneys who multiply proceedings vexatiously, 28 U.S.C. § 1927; sanction a party and/or the party's attorney for filing groundless pleadings, motions, or other papers, Fed.R.Civ.P. 11; sanction a party and/or his attorney for failure to abide by a pretrial order, Fed.R.Civ.P. 16(f); sanction a party and/or his attorney for baseless discovery requests or objections, Fed.R.Civ.P. 26(g); award expenses caused by a failure to attend a deposition or to serve a subpoena on a party to be deposed, Fed.R.Civ.P. 30(g); award expenses when a party fails to respond to discovery requests or fails to participate in the framing of a discovery plan, Fed.R.Civ.P. 37(d) and (g); dismiss an action or claim of a party that fails to prosecute, to comply with the Federal Rules, or to obey an order of the court, Fed.R.Civ.P. 41(b); punish any person who fails to obey a subpoena, Fed.R.Civ.P. 45(f); award expenses and/or contempt damages when a party presents an affidavit in a summary judgment motion in bad faith or for the purpose of delay, Fed.R.Civ.P. 56(g) ...

If plaintiffs believed that the supervisory defendants were unjustifiably delaying the case, plaintiffs should have moved the court for relief under the aforementioned provisions.

No. 339 at 14.) Plaintiffs state that the Court granted the supervisory defendants' motion for summary judgment while plaintiffs were preparing for a settlement conference.[5] (Docket No. 339 at 14.) Plaintiffs' argument is unavailing. The First Circuit Court of Appeals has pronounced that the fact that an immediate appeal may avoid trial "is rarely, if ever, a self-sufficient basis for a Rule 54(b) certification." *Credit Francais,* 78 F.3d at 708 (quoting *Kersey,* 3 F.3d at 488); *See Spiegel,* 843 F.2d at 46.

■ In *Curtiss–Wright,* 446 U.S. at 8 n. 2, 100 S.Ct. 1460 (1980), the Supreme Court noted that the possibility of settling a claim *may* tip the balance in favor of a partial final judgment under Rule 54(b). Yet plaintiffs do not indicate how a partial final judgment would facilitate settlement rather than lead to additional litigation. *See Credit Francais,* 78 F.3d 698, 706 (1st Cir.1996) (quoting *Spiegel,* 843 F.2d at 46); *El Paso Prod. Gom., Inc. v. Smith,* No. 04–2121, 2009 WL 1870854, at *2 (E.D.La. June 29, 2009). Plaintiffs merely assert, in conclusory fashion, that an immediate appeal would facilitate ongoing efforts to settle the case. As the Sixth Circuit Court of Appeals has noted: "Rule 54(b) certification may [not] be used as a vehicle to leverage a settlement without regard to the undesirability of piecemeal appeals." *Lowery v. Fed. Exp. Corp.,* 426 F.3d 817, 823 (6th Cir.2005). Accordingly, there is no indication that an immediate appeal would facilitate resolution of the case, and the mere possibility of a settlement is outweighed by the First Circuit Court of Appeals' policy disfavoring piecemeal litigation. *See Abbey v. United States,* 101 Fed.Cl. 239, 243–44 (2011); *Lottie v. W. Am. Ins. Co., of Ohio Cas. Group of Ins. Cos.,* 408 F.3d 935, 940 (7th Cir.2005).

■ In determining whether to grant a partial final judgment under Rule 54(b), the Court may consider whether a party is or risks becoming insolvent. *Reiter v. Cooper,* 507 U.S. 258, 271, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993) (citing *Curtiss–Wright,* 446 U.S. at 12, 100 S.Ct. 1460). Plaintiffs argue that their Rule 54(b) motion should be granted because the Commonwealth has granted the supervisory defendants the benefits of Law 9, and would satisfy any judgment against them, whereas the field officers, who were not granted the benefits of Law 9, are insolvent and judgment proof. (Docket No. 339 at 14.) This argument weakens rather than strengthens plaintiffs' motion: there is little risk, if any, that the supervisory defendants will be unable to satisfy a judgment should the First Circuit Court of Appeals rule in plaintiffs' favor in the future. Plaintiffs note that any judgment against the supervisory defendants will likely be paid for by the Commonwealth of Puerto Rico. (Docket No. 339 at 14.) Thus, an immediate appeal would not obstruct plaintiffs' ability to recover money damages from the supervisory defendants after the Court determines whether the field officers violated Caceres' constitutional rights.

Plaintiffs signal that they may not pursue their claims against the field officers if their appeal against the supervisory defendants is unsuccessful. *Id.* at 8, 14. The fact that plaintiffs may choose to abandon their claims against the field officers in the future is too indeterminate to warrant a partial final judgment under Rule 54(b). *Credit Francais,* 78 F.3d at 707 (1st Cir. 1996) (quoting *Spiegel,* 843 F.2d at 46). As the First Circuit Court of Appeals has stated, "[t]o entertain an early appeal just because ... a [particular] ruling ... might

5. A matter of which the Court was unaware.

transpire and might expedite a particular [party's] case would defoliate Rule 54(b)'s protective copse." *Id.*

The legal and factual basis of plaintiffs' claim against the supervisory defendants is closely interrelated with plaintiffs' claim against the field officers. *Maldonado–Denis,* 23 F.3d at 580; *see Mendez Marrero,* 968 F.Supp. at 39. Plaintiffs may not recover damages against either the field officers or the supervisory defendants without a determination that the field officers were liable. *Id.* That determination has yet to be made. Plaintiffs have also not established that the equities and efficiencies merit piecemeal appellate review. Accordingly, plaintiffs' motion to enter a final judgment with respect to the supervisory defendants is **DENIED.**

### III. CONCLUSION

For the reasons set forth above, the plaintiffs' motion to enter a final judgment with respect to the supervisory defendants is **DENIED.**

The pretrial conference is scheduled for January 25, 2012 at 11:00 a.m. The jury trial will be scheduled on the date of the pretrial conference.

**IT IS SO ORDERED.**

### MEMORANDUM AND ORDER

■ On January 12, 2012, plaintiffs filed a motion for reconsideration of the Court's ruling denying its Rule 54(b) request. (Docket No. 344.) Defendants promptly filed an opposition to plaintiff's motion on the following day. (Docket No. 345.) For the reasons set forth, the Court **DENIES** plaintiffs' motion.

Plaintiffs state that defendant Javier Pagan ("Pagan") "was found guilty at trial of the charge of murder", "is in default in the instant case", and allege that he is collaterally estopped from making any argu- ment regarding "his use of excessive force and unjustified use of deadly force." (Docket No. 344 at 1.) It is plaintiffs' position that there is "absolutely no controversy" that Pagan committed an underlying constitutional violation, and that, therefore, the claims of supervisory liability may be considered final and appealable, and that there is no just reason to delay their appeal. *Id.* Plaintiffs raise this argument for the first time in their motion for reconsideration, and do not deny that this argument was never raised in their substantive motion for summary judgment or in their initial motion for Rule 54(b) relief. Moreover, plaintiffs' two-page motion for reconsideration is void of any citation to persuasive or controlling case law, nor do plaintiffs submit the state court judgment finding defendant Pagan guilty of murder. As the First Circuit Court of Appeals recently stated, "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." *Rodriguez v. Municipality of San Juan,* 659 F.3d 168, 175 (1st Cir.2011).

Defendants raise a number of procedural arguments regarding the deficiencies in plaintiffs' motion. (Docket No. 345.) First, defendants correctly point out that plaintiffs' failure to raise the relevant claims in a timely manner results in a waiver of those objections. *See DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 33 (1st Cir.2001). Plaintiffs are not allowed "to introduce new evidence or advance arguments that could and should have been presented to the district court" prior to this Court's initial order regarding plaintiff's motion for relief under Rule 54. *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997). Plaintiffs do not attempt to explain why this general principle should be set aside; the Court finds that the arguments raised in plaintiffs' motion for re-

consideration should have been raised in their initial motion and are therefore deemed waived.

Second, defendants allege, and this Court agrees, that plaintiffs' motion for reconsideration contains no factual or legal development explaining why this conviction against one of the field officers compels a finding of collateral estoppel and thus warrants granting plaintiffs' motion for Rule 54 relief. This Court will not engage in the task of developing a factual record and fleshing out legal argumentation—that is the responsibility of the party requesting relief. The First Circuit Court of Appeals has steadfastly held that where issues have been "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [they] are deemed waived." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990).

Third, even considering plaintiffs' substantive arguments regarding issue preclusion, the Court finds that plaintiffs have not met the threshold showing necessary to assert a res judicata or collateral estoppel defense. Puerto Rico law governs the preclusive effect of a judgment entered by a Puerto Rico court. *See Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 69 (1st Cir.2008). Under Puerto Rico law, a party asserting a res judicata (or collateral estoppel) defense must establish three elements: "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted." *Id.; see also Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24, 29 (1st Cir.1998). Not only have plaintiffs failed to acknowledge the existence of these requirements, they have also failed to make the required showing necessary to assert an issue preclusion defense. *See*

*Dalmau,* 544 F.3d at 70 (finding that the party asserting the res judicata defense failed to make a threshold showing because the party "did not put in the record a certified translation of any aspect of the prior Puerto Rico court proceedings.")

As a final matter, the Court finds that even if plaintiffs had properly asserted their collateral estoppel defense against defendant Pagan, which they have failed to do, they still have not explained how it would affect the interrelatedness of the claims analysis required to grant a Rule 54(b) motion. As explained in this Court' initial order denying plaintiffs' Rule 54(b) motion, the Court must balance the following factors to determine whether there is a persuasive reason for delaying entry of a final judgment: "(1) the interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." (Docket No. 343 at 4.) This Court held that "[p]laintiffs' claims against the supervisory defendants are closely intertwined with their claims against the field officers." *Id.* at 6.

Plaintiffs currently have pending claims against all three field officer defendants. Thus, even if plaintiffs had proven that defendant Pagan had committed an underlying constitutional violation, the claims against the other two field officers remain to be decided. In the event that those officers are not found guilty of an underlying constitutional violation, plaintiffs may choose to appeal, thus resulting in an unnecessary piecemeal review of the individual field officer defendants' liability. Because there still exists (a) significant factual overlap between the field officers' liability and the supervisory defendants' liability, and (b) pending claims against the other field officers' liability before this Court, entering final judgment with re-

spect to defendant Pagan would result in the inefficient and scattered disposition of litigation in this case. For the reasons explained, plaintiffs' motion for reconsideration on the Court's Rule 54(b) ruling is **DENIED.**

**IT IS SO ORDERED.**